951 F.2d 1267
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David L. DALIBERTI, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 91-3318.
 United States Court of Appeals, Federal Circuit.
 Dec. 26, 1991.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner David L. Daliberti appeals the final decision of the Merit Systems Protection Board (MSPB or Board) in Docket No. AT07529010501, which affirmed his removal from his position as a Naval Aircraft Mechanic. After weighing the proffered testimony, the Board rejected Mr. Daliberti's "whistleblower" defense and sustained his removal for endangering his personal safety, acting disrespectfully toward his superiors, and failing to follow supervisory instructions. We affirm the decision of the Board.
 
 DISCUSSION
 I.
 
 2
 On April 20, 1990, petitioner participated in a flight check of an aircraft with a fuel leak. For safety reasons, aircraft mechanics were generally required to wear respirators while inside "contaminated" or non "gas free" fuel cells. Mechanics who grew beards were not permitted to use respirators. Petitioner wore a beard and therefore could not work inside contaminated fuel cells. Despite his assurances to Mr. Meyer, his second level supervisor, that repairs would be performed from outside the aircraft, Mr. Daliberti entered the contaminated fuel tank without a respirator.
 
 
 3
 On April 23, 1990, Mr. Heath, petitioner's immediate supervisor or "work leader," received a request for assistance on the same aircraft. Mr. Heath located petitioner lying down in the cabin of another aircraft. He summoned Mr. Meyer, who rebuked petitioner for "loafing" on duty. Mr. Heath subsequently ordered petitioner to report to his assigned aircraft. Mr. Daliberti uttered profane language and made an obscene gesture in response to this command, left the area, and never reported to his work assignment. The Navy subsequently removed petitioner based on charges of endangering his own safety, loafing, disrespectful conduct, and failure to follow instructions.
 
 
 4
 Petitioner argued before the MSPB that he believed the aircraft fuel cell was "gas free" when he repaired the leak on April 20. Mr. Daliberti further contended that the agency removed him for "whistleblowing" in contravention of 5 U.S.C.A. § 2302(b)(8) (West 1988), after he realized the actual condition of the fuel cell and reported that Mr. Meyer had ordered him to work inside it. Petitioner stated that he became angered on April 23 because Mr. Heath had directed him to enter the same fuel cell, and asserted that his profane language was excusable "shop talk."
 
 
 5
 The administrative judge (AJ) dismissed the "loafing" charge, finding that petitioner was on break when confronted by his supervisor. Noting inconsistencies in his testimony, the AJ found that Mr. Daliberti was aware that the fuel cell was contaminated when he entered it on April 20 and thus knowingly committed an act which compromised his personal safety. Rejecting Mr. Daliberti's testimony, the AJ determined that petitioner acted with utter disrespect in shouting profanities at his supervisor. The AJ accepted the testimony of Mr. Heath that he told Mr. Daliberti to report to the aircraft on April 23 but at no time ordered him to enter the fuel cell. Consequently, the AJ concluded that petitioner was not given an unsafe work assignment and sustained the remaining charges. The AJ also determined that petitioner failed to meet his burden of proving that his disclosure of the April 20, 1990, incident, for which he was at fault, contributed to his removal. See 5 C.F.R. § 1209.7(a) (1990). Taking his prior record into account, the AJ concluded that removal was a reasonable penalty for petitioner's misconduct that furthered the efficiency of the service. The decision of the AJ became final after the full Board denied Mr. Daliberti's petition for review on March 28, 1991.
 
 II.
 
 6
 In cases where there are conflicts in the testimony of the witnesses, the result depends, to a large extent, upon a determination of the credibility of the witnesses. We have examined carefully the entire hearing transcript submitted by petitioner and have reviewed the testimony of Messrs. Daliberti, Heath, Clark, Quarterman, Meyer, Hall, Stewart, Van Branning and Newby. The AJ credited the testimony of the agency witnesses and found unconvincing the conflicting testimony of petitioner. Petitioner urges us to reject these credibility findings. As the trier of fact, the AJ observes firsthand the testimony and demeanor of witnesses and is therefore best suited to determine their credibility. Consequently, this court has held consistently that the credibility determinations of the AJ are "virtually unreviewable." See Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986); Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). Petitioner provides no convincing reason, nor are we aware of any ground, to justify the reversal of the AJ's credibility determinations. Brewer v. United States Postal Serv., 647 F.2d 1093, 1096 (Ct.Cl.1981), cert. denied, 454 U.S. 1144 (1982).
 
 
 7
 The Court cannot retry the case and must rest its decision upon the written record submitted with the appeal, including the transcript of the testimony. After a careful study of the record, we find that Mr. Daliberti has failed to discharge the burden imposed upon him under the applicable statute by showing that the decision of the MSPB was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. See 5 U.S.C.A. § 7703(c) (West 1988).
 
 
 8
 Therefore, the decision of the MSPB must be sustained by the court. True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed.Cir.1991).