979 F.2d 216
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas Y. DEMPSEY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3409.
 United States Court of Appeals, Federal Circuit.
 Sept. 15, 1992.
 
 Before PAULINE NEWMAN, ARCHER and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Thomas Y. Dempsey petitions for review of the January 15, 1992 decision of the Administrative Judge (AJ) in Docket No. AT831M910989I1, which became the final decision of the Merit Systems Protection Board when it denied review on April 13, 1992. The Board affirmed the decision of the Office of Personnel Management (OPM) which determined that Dempsey's civil service annuity benefit had been overpaid and that he was not entitled to terminate the reduction in his annuity which had been made to reflect a survivor benefit. Because the record contains substantial evidence to support the Board's findings and because its conclusions are in accordance with law, we affirm.
 
 OPINION
 
 2
 The OPM, in a reconsideration decision dated September 18, 1991, determined that Dempsey had received an overpayment of his civil service annuity benefit in the amount of $2,343.60. In calculating Dempsey's retirement annuity, OPM erroneously gave him service credit for the period from January 4, 1980 to April 20, 1981, during which time he was receiving a disability retirement benefit. Additionally, the OPM determined that Dempsey was not entitled to terminate the reduction in his annuity for a spousal survivor benefit because he had not provided any evidence that either the death of his spouse or a divorce had occurred.
 
 
 3
 The AJ, in her initial decision, affirmed the OPM's reconsideration decision. The AJ concluded that because Dempsey was not receiving workers' compensation from the Office of Workers' Compensation Programs (OWCP) during the period from January 4, 1980 to April 20, 1981, but instead was receiving a disability retirement benefit, the OPM was correct in determining that Dempsey was not entitled to service credit for that period. The AJ also decided that Dempsey was not entitled to an unreduced annuity because he failed to prove that his wife of record was not currently his spouse.
 
 
 4
 We review final decisions of the Board pursuant to the standards enumerated in 5 U.S.C. § 7703(c) (1988). Those decisions must be upheld unless they are (1) "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; (2) "obtained without proper procedures required by law, rule, or regulation having been followed"; or (3) "unsupported by substantial evidence." Id. See True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed.Cir.1991).
 
 
 5
 The burden of proof is placed on the agency to establish by preponderant evidence the existence and amount of an overpayment. See 5 C.F.R. § 831.1407(a) (1992). The record reflects that Dempsey did not receive benefits from the OWCP during the period from January 4, 1980 to April 20, 1981. Under the statutory scheme, an employee who receives OWCP workers' compensation is credited for the period of time in which he is in receipt of such compensation for purposes of computing his retirement benefits. 5 U.S.C. §§ 8151(a), 8332(f) (1988). The Board concluded that because Dempsey had received disability retirement benefits during that period and did not receive OWCP compensation, he was not entitled to service credit for that period in the computation of his retirement annuity. The Board's conclusion is supported by substantial evidence and is in accordance with law.
 
 
 6
 The petitioner bears the burden of proving entitlement to the termination of the reduction in his annuity by a preponderance of the evidence. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Dempsey claims that his marriage was not legally consummated because at the time of his marriage to his wife of record, she was married to another man. Dempsey contends that because she is not his current spouse, the reduction in his annuity should be terminated. A reduction can be terminated only upon a showing of the death of the spouse or the dissolution of the marriage. 5 U.S.C. § 8339(j)(5)(A) (1988). Dempsey has failed to prove that his wife of record is not his current spouse or that he otherwise meets the statutory requirements for termination of the annuity reduction. Thus, the Board's determination that Dempsey is not entitled to terminate the reduction in his annuity is supported by substantial evidence and is in accordance with law.
 
 
 7
 Accordingly, the decision of the MSPB is affirmed.