Gordon R. TRUE, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 90–3310.

United States Court of Appeals,
Federal Circuit.

Feb. 25, 1991.

Sophia E. Davis, Cohen, Weiss & Simon, New York City, argued, for amicus curiae, Nat. Ass'n of Letter Carriers, AFL–CIO. With her on the brief was Keith E. Secular. Also on the brief, for amicus curiae was Sally M. Tedrow, O'Donoghue & O'Donoghue, Washington, D.C. Gordon R. True, Corinth, Ky., filed a brief pro se.

Hillary Stern, Dept. of Justice, Washington, D.C., argued, for respondent. Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Catherine A. Christman, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., were on the brief, for respondent.

Before MARKEY, ARCHER and MICHEL, Circuit Judges.

MARKEY, Circuit Judge.

Gordon True, a retired employee of the United States Postal Service, appeals the March 13, 1990 final decision of the Merit Systems Protection Board (Board), No. SL08318910291, holding that Mr. True was not entitled to a redetermined annuity under 5 U.S.C. § 8344(a) (1988) because he had not completed five years of actual service after becoming reemployed. 44 M.S. P.R. 251. The Board held that he was entitled only to a supplemental annuity under 5 U.S.C. § 8344(a). We affirm.[1]

## I

## BACKGROUND

On May 30, 1978, Mr. True, then an employee of the United States Postal Service (USPS), applied to the Office of Personnel Management (OPM) for immediate retirement under the Civil Service Retirement Act (CSRA), 5 U.S.C. § 8336 (1988). Mr. True was separated effective June 16, 1978, and was awarded a civil service retirement annuity. In December 1981, he elected to receive federal employees' compensation under the Federal Employee's Compensation Act (FECA), based on a 1978 work-related injury, in lieu of the annuity benefits that he was receiving under the CSRA.[2] In 1982 the Department of Labor approved his FECA application and reimbursed OPM for the annuity payments OPM had made since his retirement date.

On December 25, 1982, Mr. True was reemployed by the USPS on a part-time basis (four hours per day). He remained reemployed on that basis until he retired again on December 3, 1987. During the entire period of reemployment, Mr. True worked four hours and took leave without pay (LWOP) for four hours each work day. He received FECA benefits for the hours in LWOP status.

Upon his second retirement, OPM advised Mr. True that under 5 U.S.C. § 8344(a) he was entitled to a supplemental annuity but not to a fully redetermined annuity. OPM determined that Mr. True had completed the equivalent of only 2 years, 6 months, and 18 days of actual reemployment service, and thus had not completed the 5 years of actual full-time reemployment service statutorily required for entitlement to a redetermined annuity. On reconsideration, OPM adhered to that position and Mr. True petitioned the Board.

In an initial decision, the Administrative Judge (AJ) held that "OPM erred in finding that the appellant should not be credited for his employment service for the hours he was considered in an LWOP status during the five-year period of reemployment." The AJ concluded that Mr. True "had at least five years of continuous employment for purposes of entitlement to a redeter-

---

1. This court granted the National Association of Letter Carriers' (NALC) motion to file a brief as *amicus curiae* and Mr. True's request that NALC be allowed to participate in oral argument.

2. 5 U.S.C. § 8337(f) bars an individual from simultaneously collecting FECA benefits and CSRA annuity benefits. The individual may elect to receive the greater of the two.

mined annuity." OPM petitioned for review of that initial decision.

The Board reversed the initial decision and sustained OPM's reconsideration decision, holding that "OPM's decision that [Mr. True] is entitled to a supplemental annuity rather than a redetermined annuity must be affirmed since he was employed continuously for over one year but less than five years." The Board determined that the AJ erred in concluding that Mr. True was entitled to service credit for the period during which he was in LWOP status and receiving FECA benefits.

## II

## ISSUE

Whether the Board erred in determining that Mr. True was not entitled to a redetermined annuity pursuant to 5 U.S.C. § 8344(a).

## III

## OPINION

### Standard of Review

According to 5 U.S.C. § 7703(c) (1988), we must sustain the Board's decision unless we conclude that it is: (1) "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;" (2) "obtained without procedures required by law, rule, or regulation having been followed;" or (3) "unsupported by substantial evidence." *See Phillips v. United States Postal Serv.,* 695 F.2d 1389, 1390 n. 2 (Fed. Cir.1982); *Kochanny v. Bureau of Alcohol, Tobacco & Firearms,* 694 F.2d 698, 700 n. 3 (Fed.Cir.1982).

### Redetermined Annuity Entitlement

■ The factual pattern presented in this case is one of first impression in relation to the relief sought. Mr. True seeks to have his retirement annuity redetermined with credit for his time spent in LWOP status. It is well settled that, as the applicant, Mr. True must demonstrate by a preponderance of the evidence his entitlement to the retirement benefit he seeks. *See Cheeseman v. Office of Per-*sonnel Management, 791 F.2d 138, 141 (Fed.Cir.1986) (holding "that the Board has not acted arbitrarily, capriciously, outside the law, or abused its discretion in placing the burden of proving entitlement on the applicant for benefits"), *cert. denied,* 479 U.S. 1037, 107 S.Ct. 891, 93 L.Ed.2d 844 (1987). Mr. True has failed to carry his burden.

■ Entitlement to a redetermined annuity is governed by section 8344(a) of the CSRA. It provides in pertinent part:

If an *annuitant* receiving annuity from the Fund.... becomes employed in an appointive or elective position, his service on and after the date he is so employed is covered by this subchapter. Deductions for the Fund may not be withheld from his pay unless the individual elects to have such deductions withheld under subparagraph (A). An amount equal to the annuity allocable to the period of *actual employment* shall be deducted from his pay, except for lump-sum leave payment purposes under section 5551 of this title. The amounts so deducted shall be deposited in the Treasury of the United States to the credit of the Fund. If the *annuitant* serves on a full-time basis, except as President, for at least 1 year, on a part-time basis for periods equivalent to at least 1 year of full-time service, in employment not excluding him from coverage under section 8331(1)(i) or (ii) of this title—

(A) deductions for the Fund may be withheld from his pay (if the employee so elects), and his annuity on termination of employment is increased by an annuity computed under section 8339(a), (b), (d), (e), (h), (i) and (n) of this title as may apply based on the period of employment and the basic pay, before deduction, averaged during that employment; and

(B) his lump-sum credit may not be reduced by annuity paid during that employment.

.... *If the described employment of the annuitant continues for at least 5 years, or the equivalent of 5 years in*

*the case of part-time employment, he may elect, instead of the benefit provided by subparagraph (A) of this subsection, to deposit in the Fund (to the extent deposits or deductions have not otherwise been made) an amount computed under section 8334(c) of this title covering that employment and have his rights redetermined under this subchapter.*

5 U.S.C. § 8344(a) (emphasis added).[3]

Thus, under section 8344(a), a reemployed annuitant must be employed for the equivalent of at least five years of full-time service before his or her entitlement to a *redetermined* annuity is warranted. If the five year service requirement is not met, an annuitant is entitled to a *supplemental* annuity when the period of employment equates to at least 1 year of full-time service. The Board held that only "actual work" may be counted toward satisfaction of the service requirements of section 8344(a). Mr. True and NALC maintain that the Board's refusal to count his time in LWOP status is "not in accordance with law." We disagree.

The plain language of the statute supports the Board's holding that section 8344(a) requires at least five years of *actual employment* before an annuitant may qualify for a redetermined annuity. Early on, section 8344(a) refers to "the period of actual employment." Later, the same section reads: "If the *described employment* of the annuitant continues for at least 5 years, or the equivalent of 5 years in the case of part-time employment, he may ... have his rights redetermined under this subchapter." 5 U.S.C. § 8344(a) (emphasis

added). The phrase "described employment" necessarily refers back to the section's previous and only description, i.e., "actual employment." Hence, at least the equivalent of 5 years of full-time *actual* employment is necessary before the right to a redetermined annuity is triggered. Nothing within the plain meaning of section 8344(a), or within that of any other statute, makes an exception for retired/reemployed persons who are also FECA beneficiaries.[4]

The agency charged with administration of the CSRA has consistently employed the present plain meaning interpretation of section 8344(a). OPM's regulations clearly articulate: "If the annuitant is employed continuously for at least five years ... and *actually serves* for at least 5 years on a full-time basis, or the equivalent of 5 years of full-time service on a part-time basis, ... the annuitant may ... have his or her retirement rights redetermined under the law in effect at separation date." 5 C.F.R. § 831.803(b) (1990) (emphasis added). Moreover, OPM defines "full-time service" to mean "any *actual service* in which the reemployed annuitant is scheduled to work the number of hours and days required by the administrative work-week for his or her grade or class (normally 40 hours)." 5 C.F.R. § 831.803(e) (emphasis added).

The Supreme Court has succinctly stated: "When faced with a problem of statutory construction, this Court shows great deference to the interpretation given the statute by the officers or agency charged with its administration." *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); *accord K Mart v. Cartier, Inc.,* 486

---

**3.** Mr. True argues that section 8344(a) is inapplicable, but fails to explain how he could be entitled to a redetermined annuity if the only statute authorizing redetermination is inapplicable. NALC's contention that Mr. True should be permitted to receive the statutory benefit of a redetermined annuity without satisfying the statutory five year actual employment requirement is equally misguided. *Cf. Arnett v. Kennedy,* 416 U.S. 134, 153–54, 94 S.Ct. 1633, 1644, 40 L.Ed.2d 15 (1974) ("where the grant of a substantive right is inextricably intertwined with the limitations on the procedures which are to be employed in determining that right, [an applicant] must take the bitter with the sweet").

**4.** Though congressional intent is clear from the plain language of the statute and reference to legislative history is therefore unnecessary, the government's brief contains portions of that history that fully establish Congress' intent to require five years of actual reemployment service for entitlement to a redetermined annuity. *See, e.g., Amending the Civil Service Retirement Act with Respect to Employment Service:* Hearing on H.R. 10503 Before the Committee on Post Office and Civil Service, 86th Cong., 2nd Sess. (1960).

U.S. 281, 291, 108 S.Ct. 1811, 1817, 100 L.Ed.2d 313 (1988); *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 131, 106 S.Ct. 455, 461, 88 L.Ed.2d 419 (1985); *Kester v. Horner*, 778 F.2d 1565, 1569 (Fed.Cir.1985) ("To sustain an agency's construction of its authority, we need not find that its construction is the only reasonable one, or even that it is the result we would have reached had the question arisen in the first instance in judicial proceedings."), *cert. denied*, 479 U.S. 854, 107 S.Ct. 190, 93 L.Ed.2d 123 (1986); *Corning Glass Works v. United States Int'l Trade Comm'n*, 799 F.2d 1559, 1565 (Fed.Cir. 1986). We are not persuaded that OPM's interpretation of section 8344(a), requiring actual service, " 'contravenes clearly discernible legislative intent' or is otherwise unreasonable." *See Beneficial Corp. v. United States*, 814 F.2d 1570, 1574 (Fed. Cir.1987) (*quoting American Lamb Co. v. United States*, 785 F.2d 994, 1001 (Fed.Cir. 1986)). Accordingly, we find no basis for overturning the regulations interpreting the service requirement of section 8344(a).

It is undisputed that Mr. True accumulated only 2 years, 6 months, and 18 days of *actual service* while reemployed with the USPS on a part-time basis from December 25, 1982, to December 3, 1987.[5] Because Mr. True's part-time LWOP status during 1982–1987 did not constitute the "actual employment" required by section 8344(a), that period of time in LWOP status is irrelevant for the purpose of determining Mr. True's entitlement to either a supplemental or a redetermined annuity. Accordingly, we agree with the Board's denial of Mr. True's entitlement to a redetermined annuity and its acknowledgement of his entitlement to a supplemental annuity based on his accumulation of over one year of actual service.

### *Application of 5 U.S.C. §§ 8151(a) and 8332(f)*

Mr. True and NALC vigorously contend that the Board's refusal to grant Mr. True

section 8344(a) service credit for the 1982–1987 reemployment period during which he received FECA benefits violates 5 U.S.C. §§ 8151(a) and 8332(f). We disagree.

Section 8151 is entitled "Civil service retention rights." Paragraph (a) reads:

In the event the individual resumes employment with the Federal Government, the entire time during which the employee was receiving compensation under this [FECA] chapter shall be credited to the employee for the purposes of within-grade step increases, retention purposes, and other rights and benefits based upon length of service.

Though the plain language of this section contains no reference to civil service retirement credit, Mr. True and NALC contend that "other rights and benefits based upon length of service" was intended to encompass civil service retirement credit. That interpretation, however, ignores clear legislative history to the contrary.

As originally introduced, the proposed legislation would have provided that the time during which an individual received FECA benefits

... shall be credited to the employee for the purposes of within-grade step increases, *annuity computation under the civil service retirement provisions*, retention purposes, and other rights and benefits based upon length of service.

H.R. 13871, 93rd Cong., 2d Sess. § 22 (1974) (emphasis added).

The legislation was passed by the Senate with an amendment to "strike out 'annuity computation under the civil service retirement provisions,'." 120 Cong.Rec. 27673 (August 12, 1974). The House concurred in the Senate amendments, including the deletion of any reference to the civil service retirement provision in 5 U.S.C. § 8151(a). *See* 120 Cong.Rec. 29040–42 (August 19, 1974).

---

**5.** Apparently, recognizing that the period December 25, 1982 to December 3, 1987 did not encompass five years, the Board noted that Mr. True's 156 hours of unused sick leave could be used to increase the length of the reemployment period, but could not be used to establish eligibility for an annuity, citing 5 U.S.C. § 8339(m) and 5 C.F.R. § 831.302.

Thus, Congress considered and rejected the possibility of allowing FECA beneficiaries to count non-actual service toward fulfilling the retirement annuity credit requirements of section 8344(a). In light of this clear evidence of congressional intent, the arguments by Mr. True and NALC suggesting that the "other rights and benefits" language encompasses civil service retirement credit, are without merit.[6]

■ Section 8332 is entitled "Creditable service." Paragraph (f) reads:

> Credit shall be allowed for leaves of absence without pay granted an employee while performing military service or while receiving benefits under [FECA]. An employee or former employee who returns to duty after a period of separation is deemed, for the purpose of this subsection, to have been in a leave of absence without pay for that part of the period in which he was receiving benefits under [FECA].

Like section 8151(a), section 8332(f) makes no reference to section 8344(a) or to civil service retirement annuities, and nothing in section 8332(f), or in its legislative history, indicates that Congress intended to permit retired annuitants with FECA entitlement to receive a redetermined annuity without meeting the five year actual employment requirement of section 8344(a). Indeed, that history makes plain that Congress was dealing in section 8332(f) with persons whose pre-retirement service was interrupted and not with persons in Mr. True's status. Moreover, Congress amended section 8344 (on another subject) in the same Act, P.L. 91–658, at section 3, 84 Stat. 1961 at 1963; House Report No. 91–1469, at pp. 3–4, U.S.Code Cong. & Admin. News 1970, 5931, reiterating in that Report section 8344(a)'s requirements for continuous, full-time reemployment service for supplemental and redetermined annuities. If Congress intended to alter those requirements for FECA recipients who return to work after retirement it would have said so

and would not have described those requirements as continuing undisturbed.

Finally, acceptance of the arguments of Mr. True and NALC based on out-of-context citations of phrases in sections 8151(a) and 8332(f) would require an assumption that Congress engaged in a *sub silentio* repeal or modification of section 8344(a). We are not at liberty to make that assumption here. As the Supreme Court has repeatedly cautioned: "It is, of course, a cardinal principle of statutory construction that repeals by implication are not favored [citation omitted], and whenever possible, statutes should be read consistently [citation omitted]." *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523–24, 106 S.Ct. 768, 772, 88 L.Ed.2d 877 (1986).

### Conclusion

Accordingly, we hold that the Board correctly determined that Mr. True was not entitled to a redetermined annuity and that neither section 8151(a) nor section 8332(f) permits non-actual service to be counted toward the five year actual reemployment requirement of section 8344(a).

AFFIRMED.

---

**6.** NALC exceeds the bounds of advocacy when it cites excerpts from floor debates and committee hearings discussing the intended meaning of the language referring to annuity computations that was *deleted* before enactment of H.R. 13871 amending 5 U.S.C. § 8151(a). NALC's attempt to leave the impression that the originally proposed language was the same as that actually enacted wasted the time of this court.