965 F.2d 1064
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Leonard A. CICCOTELLO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3600.
 United States Court of Appeals, Federal Circuit.
 April 14, 1992.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner appeals from the decision of the Merit Systems Protection Board (MSPB or Board) in Docket No. PH08318910081, affirming the reconsideration decision of the Office of Personnel Management (OPM), which found him ineligible for reinstatement of his disability retirement annuity. We affirm.
 
 BACKGROUND
 
 2
 Petitioner retired from federal service on disability in April 1969. Under 5 U.S.C. § 8337(d), as in effect at the time of his retirement, petitioner's disability annuity would be terminated if he earned 80 percent or more of the current pay of his former position for two successive years. In 1981 and 1982, petitioner earned more than 80 percent of his prior annual wages.
 
 
 3
 On September 6, 1983, OPM informed petitioner that his disability annuity would be terminated on December 31, 1983, because he was deemed to have been "restored to earning capacity." The OPM form notice stated in part:
 
 
 4
 You will be eligible for reinstatement of your same disability annuity on the first of the year following any calendar year in which your income from wages and self-employment is less than 80% of the current salary of the position from which you were retired, provided you are not: (a) reemployed in a position under the Civil Service Retirement System [CSRS], and (b) recovered from the disability for which you retired, and (c) age 62.
 
 
 5
 In January 1987, petitioner applied for and received a deferred annuity based on his prior service. In November 1987, he applied for reinstatement of his disability annuity, contending that his earnings fell below the 80 percent threshold. OPM denied his application on March 22, 1988, on grounds that he had not satisfied the requirements of 5 U.S.C. § 8337(e) prior to reaching age 62. Under § 8337(e), an individual who has reached age 62 and receives a regular annuity cannot seek reinstatement of a disability annuity.
 
 
 6
 Petitioner requested reconsideration of the OPM decision, arguing that the 1983 OPM notice misled him into believing that he could file for reinstatement of benefits after age 62 so long as he wasn't reemployed under the CSRS or had otherwise recovered from his disability. In its reconsideration decision of October 28, 1988, OPM rejected this argument, finding that the wording of the notice clearly defined the reinstatement requirements for a disability annuity.
 
 
 7
 Petitioner appealed the OPM reconsideration decision to the MSPB, arguing that OPM should be estopped from denying him a disability retirement annuity. He again contended that he was misled by the OPM notice and should not be penalized for OPM's failure to specify the criteria for reinstatement of his annuity in a clear manner. The AJ agreed with OPM that 5 U.S.C. § 8337(e) precluded the reinstatement of petitioner's disability annuity. The AJ considered our decision in Richmond v. Office of Personnel Management, 862 F.2d 294, 301 (Fed.Cir.1988), but determined that the language of the OPM notice was not unclear or misleading. Therefore, the AJ held that OPM was not estopped by the notice.
 
 
 8
 Petitioner thereupon filed a petition for review of the initial decision with the full Board on March 8, 1989. The Board affirmed the decision of the AJ on the basis of the Supreme Court's decision in Office of Personnel Management v. Richmond, 110 S.Ct. 2465 (1990), which was issued after the initial decision, and reversed our decision in that case.
 
 DISCUSSION
 
 9
 Petitioner does not contend that OPM's interpretation of 5 U.S.C. § 8337(e) is erroneous. Rather, petitioner argues that, even though § 8337(e) precludes reinstatement of his disability annuity, the government should be estopped from denying him disability annuity benefits because OPM did not provide him with "clear notice" of the reinstatement requirements.
 
 
 10
 Even if we assume without deciding that the 1983 OPM notice misled petitioner, it is clear that under the Supreme Court's decision in OPM v. Richmond, OPM is not estopped from denying him benefits. In that case, the claimant alleged that misinformation concerning the requirements of 5 U.S.C. § 8337(d) caused him to lose his disability retirement annuity and that he would have foregone additional income to prevent the restoration of his earning capacity had he known the actual requirements for continuation of the disability annuity. He therefore contended that the government should be estopped from discontinuing his disability retirement annuity. In rejecting this argument, the Supreme Court held that payments of government benefits out of the Federal Treasury are limited to those authorized by statute, and that misleading or erroneous information given to a claimant by the government cannot estop the government from denying that claimant benefits not otherwise authorized by law.
 
 
 11
 Petitioner fails to distinguish his case from OPM v. Richmond. Like the claimant in Richmond, petitioner requests that this court ignore a statutory limitation in order to permit him to recover a greater monetary annuity. The court must adhere to the rule that "... judicial use of the equitable doctrine of estoppel cannot grant [petitioner] a money remedy that Congress has not authorized." 110 S.Ct. at 2471-74. We therefore conclude that the decision of the MSPB that petitioner was not entitled to reinstatement of his disability annuity was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. See 5 U.S.C. § 7703(c) (1988). Accordingly, the decision of the Board must be sustained by this court. True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed.Cir.1991).