965 F.2d 1063
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Frederick C. FERMIN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3562.
 United States Court of Appeals, Federal Circuit.
 April 8, 1992.
Rehearing Denied May 5, 1992.
Suggestion for Rehearing In Banc
Declined May 19, 1992.
 
 Before PAULINE NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 
 DECISION
 PER CURIAM
 
 1
 Petitioner appeals from the final decision of the Merit Systems Protection Board (MSPB or Board) in docket number DA08319110258, which upheld the Office of Personnel Management's (OPM) determination that his military service performed prior to January 1, 1957, could not be excluded in computing his benefits under the Civil Service Retirement Act (CSRA). We affirm.
 
 DISCUSSION
 
 2
 Petitioner retired from federal service on June 30, 1957, and received a retirement disability annuity beginning on September 4, 1957. Petitioner had a total of 7 years, 4 months, and 29 days of creditable service, which included 5 years, one month, and 26 days of prior military service. In 1971, petitioner contacted the then Civil Service Commission (CSC) to elect a survivor annuity for his spouse. Effective April 1, 1971, petitioner's application was granted in an order in which CSC computed his survivor's annuity on the basis of all of his creditable service, including military service.
 
 
 3
 Petitioner subsequently applied for Social Security benefits based on his military service. The CSC advised the Social Security Administration (SSA) that petitioner's military service was being used for CSRA benefits. Under the Social Security Act, 42 U.S.C. § 301 et seq., an applicant may not receive wage credits for military service performed before January 1, 1957, if another federal agency has already granted him benefits based on that military service. Consequently, the SSA found petitioner ineligible for Social Security benefits.
 
 
 4
 Petitioner protested the inclusion of his military service in the computation of CSRA benefits. OPM advised petitioner that it was required by law to credit his military service for civil service retirement purposes and that the removal of his military service from annuity compensation would adversely affect his survivor's annuity. On reconsideration, OPM affirmed its decision.
 
 
 5
 Petitioner appealed the OPM decision to the MSPB, which treated his appeal as a request to delete his military service from the computation of his annuity. The Administrative Judge (AJ) determined that petitioner failed to prove that OPM was not required to include his military service in his annuity credit and affirmed the OPM decision.[1] The decision of the AJ became final after the full Board denied Mr. Fermin's petition for review.
 
 II.
 
 6
 Petitioner contends that OPM erroneously and negligently advised the Social Security Administration that his military service was used in computing his survivor's annuity. Petitioner argues that OPM did not need to consider his military service in computing his survivor's annuity, because he was entitled to a "guaranteed minimum" annuity rate under 5 U.S.C. § 8339 and therefore the addition of his military service did not increase the amount of his retirement benefits from which his survivor's annuity was derived.
 
 III.
 
 7
 Section 8341(b) of Title V provides that: "if an employee ... dies after having been retired under this subchapter and is survived ... by a widow or widower whom he married after retirement, the spouse, widow, or widower is entitled to an annuity equal to 55 percent, or 50 percent if retired before October 11, 1962, of an annuity computed under section 8339(a)-(i) [emphasis added] ..." Under this section, petitioner is entitled to a survivor annuity for his spouse equal to 50 percent of his own retirement annuity, calculated in accordance with § 8339.
 
 
 8
 The computation of petitioner's disability retirement annuity, and the benefits derived therefrom, is governed by the statutory framework in existence at the time of his retirement. See e.g. McEachern v. Office of Personnel Management, 776 F.2d 1539, 1544 (Fed.Cir.1985). Since petitioner retired in 1957, his benefits were calculated under the Civil Service Retirement Act of 1930, as amended by the Civil Service Retirement Amendments of 1956 (Title IV of Public Law 84-854, July 31, 1956). Section 9(a) of the Act provided[2] as follows:
 
 
 9
 [e]xcept as otherwise provided in this section, the annuity of an employee retiring under this Act shall be [the earned rate] ... Provided ... [t]hat the annuity of an employee retiring under section 7 [disability retirement] shall be at least (1) 40 per centum of the average salary or (2) the sum obtained under this subsection after increasing his total service by the period elapsing between the date of separation and the date he obtains the age of sixty years, whichever is the lesser, but this proviso shall not increase the annuity of any survivor [emphasis added].
 
 
 10
 In accordance with this section, petitioner received a retirement disability annuity equal to 40 percent of his average salary, since his "earned" rate[3] would not provide him with a higher annuity. However, OPM could not base his survivor's annuity on the "guaranteed minimum" retirement disability annuity he received under § 9(a) because that section could not be used to "increase the annuity of any survivor." Rather, § 9(a) of the Act, when read in conjunction with 5 U.S.C. § 8341(b), required that a derivative survivor annuity be computed under an "earned" rate irrespective of whether a retiree receives a disability retirement annuity based on the "guaranteed minimum" or the "earned" rate. OPM was therefore required to calculate petitioner's survivor annuity based on his "earned" rate, which included his creditable military service. See 5 U.S.C. § 8332(c). Thus, OPM correctly advised petitioner that his survivor's annuity would be adversely affected if his military service was not used in calculating survivor benefits. Since petitioner's survivor annuity would be adversely affected by deleting his military service from annuity compensation, clearly his military service was in fact used by OPM. OPM therefore did not err in denying petitioner's request to delete his military service from the computation of his survivor's annuity.
 
 IV.
 
 11
 After a careful study of the pertinent statutory provisions and the supplemental briefing of the parties, we find that OPM properly included petitioner's military service in the computation of his survivor's annuity.[4] We therefore conclude that the decision of the MSPB was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. See 5 U.S.C. § 7703(c) (1988). Accordingly, the decision of the Board must be sustained by this court. True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed.Cir.1991).
 
 
 
 [1]
 Apparently, the AJ characterized this issue as a question of fact. However, we are called upon to interpret the statutory provisions of the CSRA and are therefore presented with questions of law
 
 
 [2]
 Section 9(a) of the Act was originally codified in 5 U.S.C. § 2259(a). In 1966, the proviso contained in the last sentence of 5 U.S.C. § 2259(a) was recodified in § 8339(f). The Civil Service Retirement Amendments of 1969 deleted this proviso from § 8339(f) but this change did not apply to federal employees who, like petitioner, retired prior to October 20, 1969. This section was subsequently redesignated § 8339(g) in 1972
 
 
 [3]
 An "earned" annuity rate is the rate that petitioner was entitled to based on his actual service time
 
 
 [4]
 Since we hold that OPM was justified in refusing to delete petitioner's military service because the deletion would affect his survivor annuity, we need not consider OPM's contention that military service performed before January 1, 1957, must be used for civil service retirement purposes and cannot be credited toward Social Security benefits