983 F.2d 1088
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ozine J. HAGAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3405.
 United States Court of Appeals, Federal Circuit.
 Nov. 20, 1992.
 
 Before MAYER, MICHEL and PLAGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ozine J. Hagan petitions for review of the March 19, 1992 initial decision of the Administrative Judge (AJ), Docket No. DA831M920105I1, affirming the decision of the Office of Personnel Management (OPM) finding that Mr. Hagan had been overpaid $8,042.88 from the Civil Service Retirement and Disability Fund (Fund), and denying Mr. Hagan's request for a waiver of the overpayment. The AJ's decision became final when Mr. Hagan failed to petition the Merit Systems Protection Board for review of that decision. Finding no error in the AJ's decision, we affirm.
 
 DISCUSSION
 
 2
 Mr. Hagan was a civilian construction inspector for the U.S. Army Corps of Engineers. In 1983, he suffered a disability, and on July 18, 1985, he was removed from his position in the federal service. On or before July 29, 1985,[1] Mr. Hagan applied for a refund of his retirement contributions to the Fund, and on August 29, 1985, OPM authorized, and Mr. Hagan later received, a refund in the amount of $4,932.58.
 
 
 3
 On February 14, 1986, Mr. Hagan submitted an application to OPM for immediate disability retirement benefits, and on July 8, 1986, the OPM approved the application. Mr. Hagan then became eligible to receive immediate retirement benefits retroactive to July 20, 1985,[2] pursuant to the provisions of 5 U.S.C. § 8345(b)(2)(B) (1988). However, upon being notified that Mr. Hagan had been receiving workers' compensation benefits from the Office of Workers' Compensation Program (OWCP) of the United States Department of Labor since July 20, 1985, the OPM suspended payment of the retirement benefits because, under applicable law,[3] he was not entitled to receive disability retirement and workers' compensation benefits covering the same period of time. In a letter dated August 6, 1986, the OPM specifically notified Mr. Hagan of this occurrence and why.
 
 
 4
 On January 17, 1988, the OWCP terminated the payment of Mr. Hagan's workers' compensation benefits. At Mr. Hagan's request, the OPM, approximately two months later, began payment of the retirement benefits retroactive to January 17, 1988.
 
 
 5
 On May 10, 1988, however, the OWCP notified Mr. Hagan that he had the option of reinstating the payment of his workers' compensation benefits retroactive to January 17, 1988, and on June 20, 1988, advised him that, to exercise that option, he had to forgo the payment of retirement benefits covering the same period of time. On June 23, 1988, Mr. Hagan elected to exercise his option. On August 3, 1988, Mr. Hagan notified OPM in writing of his election, and OPM terminated the payment of Mr. Hagan's retirement benefits effective August 1, 1988. The net result of Mr. Hagan's retroactive election was that he received an overpayment of retirement benefits for the period of January 17, 1988 through July 31, 1988.
 
 
 6
 On September 14, 1988, OPM notified Mr. Hagan of the overpayment, which totaled $3,110.47. When Mr. Hagan, on October 9, 1988, requested a waiver of the $3,110.47 overpayment, the OPM suspended collection of it until Mr. Hagan exhausted his administrative remedies before the OPM and MSPB.
 
 
 7
 On February 25, 1991, OPM notified Mr. Hagan of its intent to collect the $3,110.47 overpayment. Moreover, OPM also notified Mr. Hagan of its intent to collect the refund of Mr. Hagan's retirement contributions. The OPM characterized the refund as an overpayment because, on July 8, 1986, when his application was approved, Mr. Hagan became eligible for retirement benefits retroactive to July 20, 1985, a date which is within thirty-one days of the date he filed the application for the refund, in contravention of 5 U.S.C. § 8342(a) (1988) [emphasis ours] which reads in relevant part as follows:[4]
 
 
 8
 [A]n employee or Member who--
 
 
 9
 (1)(A) is separated from the service for at least thirty-one consecutive days;
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 (2) files an application with the Office of Personnel Management for payment of the lump-sum credit;
 
 
 13
 (3) is not reemployed in a position in which he is subject to this subchapter ... at the time he files the application; and
 
 
 14
 (4) will not become eligible to receive an annuity within thirty-one days after filing the application, is entitled to be paid the lump-sum credit.
 
 
 15
 Mr. Hagan then requested reconsideration of the OPM's decision to recover the overpayments, and also requested a waiver of the proposed recovery. On October 24, 1991, OPM denied both requests, affirmed its previous decision, and advised Mr. Hagan that he owed OPM a total of $8,042.88, effective immediately.
 
 
 16
 In denying the requested waiver, OPM determined that Mr. Hagan contributed to the overpayment of the retirement benefits through his retroactive election of workers' compensation benefits, and his knowing receipt of and failure to set aside the retirement benefits for repayment to OPM. OPM also determined that it would be inequitable to allow Mr. Hagan to keep the refund of his retirement contributions, while at the same time, receive retirement benefits based on the same federal service. OPM further determined that, in a response to a questionnaire he had submitted with his application for a waiver, Mr. Hagan overstated his expenses, and that he could afford to pay the amount due in installments.
 
 
 17
 Accordingly, OPM concluded Mr. Hagan was not "without fault" in receiving the two overpayments, and that recovery would not be "against equity and good conscience", within the meaning of 5 U.S.C. § 8346(b) (1988) [emphasis ours], which reads in relevant part as follows:
 
 
 18
 Recovery of payments under this subchapter may not be made from an individual when, in the judgment of the Office of Personnel Management, the individual is without fault and recovery would be against equity and good conscience.
 
 
 19
 On November 18, 1991, Mr. Hagan appealed OPM's October 24, 1991 decision to the Board. After conducting a hearing, at which he took testimony from Mr. Hagan, and reviewed Mr. Hagan's case file as submitted by OPM, the AJ, in an initial decision dated March 19, 1992, affirmed the OPM's decision. When Mr. Hagan failed to petition the full Board for review, the AJ's decision became the final decision of the Board.
 
 
 20
 In its decision, the AJ specifically noted that OPM, under 5 C.F.R. § 831.1407(a), has the burden of proving the occurrence of overpayments by a preponderance of the evidence. After reviewing the evidence, the AJ found "OPM's version of the facts material to the overpayment is more likely to be true than untrue", that OPM's version is supported by contemporaneous records, and, to the extent Mr. Hagan's testimony conflicts with OPM's version, that the testimony is uncorroborated and internally inconsistent [Pet.App. Tab 4, pp. 4-5]. Accordingly, the AJ concluded OPM had met its burden of proving the occurrence of the overpayments.
 
 
 21
 The AJ also addressed the waiver issue. The AJ noted that, under 5 C.F.R. § 831.1407(b), Mr. Hagan has the burden of proving by substantial evidence that he was entitled to a waiver. The AJ, after reviewing all the evidence, concluded that Mr. Hagan knew he was not entitled to retain the refund of his retirement contributions when he received it, and, accordingly, did not meet his burden of showing, with substantial evidence, that he was without fault concerning this refund. The AJ specifically rejected Mr. Hagan's testimony that he did not apply for the refund, or, alternatively, that OPM was negligent in failing to advise him not to apply for the refund.
 
 
 22
 The AJ further concluded, based on OWCP notices Mr. Hagan had received as early as 1986, that he knew, when he made his retroactive election of workers' compensation benefits in June, 1988, and when he received the retirement benefits covering the period of January 17, 1988 through July 31, 1988, he was not entitled to receive workers' compensation and retirement benefits covering the same period of time. The AJ concluded that Mr. Hagan had knowingly accepted the retirement benefits for this period of time, a pertinent factor to the waiver issue under 5 C.F.R. § 831.1402, and that he should have set aside these benefits to repay OPM. The AJ further concluded Mr. Hagan did not meet his burden of showing, with substantial evidence, that he was without fault concerning the overpayment of the retirement benefits.
 
 
 23
 On the basis of the foregoing, the AJ concluded Mr. Hagan was not entitled to a waiver because of his failure to show he acted without fault.[5]
 
 
 24
 On appeal to this court, Mr. Hagan only raises the waiver issue, but does not contest the fact or amount of the overpayments. However, Mr. Hagan fails to point to any error in the Board's findings of fact or conclusions of law on the waiver issue. Moreover, based on our review of the record, we have uncovered no errors in the Board's decision on this issue.
 
 
 25
 Under these circumstances, we cannot say that the Board's decision was (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) obtained without procedures required by law, rule, or regulation having been followed; or (c) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). See True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed.Cir.1991).
 
 
 
 [1]
 Although the specific date Mr. Hagan applied for the refund is not clear from the record, Mr. Hagan's application was in process on July 29, 1985. [Resp.App. p. 29]. Therefore, he must have applied for the refund on or before that date
 
 
 [2]
 The AJ found that this was the date Mr. Hagan became retroactively eligible for the immediate disability retirement benefits on the basis of a notice sent to Mr. Hagan by OWCP. However, the statute, 5 U.S.C. § 8345(b)(2)(B), indicates that Mr. Hagan became retroactively eligible on July 19, 1985, which is the day after his separation from the federal service
 
 
 [3]
 According to 5 U.S.C. § 8337(f)(1) (1988):
 An individual in not entitled to receive--
 (A) an annuity under this subchapter, and
 (B) compensation for injury to, or disability of, such individual under subchapter I of Chapter 81 ..., covering the same period of time.
 
 
 [4]
 The statute uses the term "lump-sum credit" for refund
 
 
 [5]
 The AJ did not reach the issue of whether recovery would promote equity and good conscience