56 F.3d 83
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Bernard A. ROSENBERG, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3189.
 United States Court of Appeals, Federal Circuit.
 May 16, 1995.
 
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Bernard Rosenberg seeks review of a decision of the Merit Systems Protection Board (Board), Docket No. SF0831940451-I-1, in which the Board affirmed a decision of the Office of Personnel Management (OPM) denying Mr. Rosenberg's application for retirement benefits as an air traffic controller (ATC). We affirm.
 
 
 2
 * On November 2, 1992, Mr. Rosenberg applied for retirement, effective February 2, 1993, and for an ATC retirement annuity, under 5 U.S.C. Sec. 8336(e) (1988). As of his date of retirement, Mr. Rosenberg had completed a little more than 14 years of full-time ATC service and a little more than 11 years of part-time ATC service. Under section 8336(e), an employee under the age of 50,[1] who has completed 25 years of service as an ATC, is entitled to a retirement annuity. Mr. Rosenberg claimed that he had completed 25 years of service as an ATC.
 
 
 3
 On March 26, 1993, pursuant to section 2(a)(2) of Pub. L. No. 100-92, 101 Stat. 679 (Aug. 18, 1987) (not codified), OPM requested that civilian personnel officials of the Department of Defense (DOD) certify the amount of Mr. Rosenberg's service as an ATC that qualified for retirement purposes. Section 2 of Pub. L. No. 100-92 provides, in pertinent part:
 
 
 4
 (a) For purposes of subchapter III of chapter 83 of title 5, United States Code, and chapter 84 of such title --
 
 
 5
 ....
 
 
 6
 (2) the Office of Personnel Management shall accept the certification of the Secretary [of Defense], or the designee of the Secretary, in determining the amount of any service performed by an individual as an air traffic controller.
 
 
 7
 In a memorandum dated July 27, 1993, the DOD stated that Mr. Rosenberg's full-time service qualified for certification for retirement purposes, but that Mr. Rosenberg's part-time ATC service was not service creditable for purposes of establishing entitlement to an ATC annuity under section 8336(e). In reaching that conclusion, DOD relied upon its applicable Civilian Personnel Manual, which provides that only full-time service qualifies for retirement under section 8336(e). Based upon the certification that Mr. Rosenberg's part-time service was not creditable ATC service, OPM denied Mr. Rosenberg's application for a retirement annuity. OPM also advised the DOD to reinstate Mr. Rosenberg on its employment rolls. OPM affirmed its denial of the retirement annuity in a reconsideration decision.
 
 
 8
 The Board sustained OPM's conclusion that section 2 of Pub. L. No. 100-92 required OPM to accept the certification from DOD that part-time service was not creditable for purposes of 5 U.S.C. Sec. 8336(e). The Board also held that it was precluded from reviewing the substance of the DOD certification. The Board affirmed the decision of OPM.
 
 II
 
 9
 The Federal Circuit may not disturb a decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Holland v. Department of Air Force, 31 F.3d. 1118, 1120 (Fed. Cir. 1994). Mr. Rosenberg bears the burden of proving that the Board's decision was erroneous. True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed. Cir. 1991).
 
 
 10
 Mr. Rosenberg argues that the DOD erred in its interpretation and application of the statutes and regulations defining ATC for retirement purposes. According to Mr. Rosenberg, the DOD's certification that his part-time work could not be credited to his years of service as an ATC was erroneous, and OPM should not have relied on that certification. However, OPM is obligated, under the mandatory language of section 2(a)(2) of Pub. L. No. 100-92, to accept DOD's certification of the amount of creditable ATC service performed by Mr. Rosenberg for the purpose of establishing his rights to an ATC annuity. Since OPM is required by Congress to accept the certification by DOD, OPM possessed no authority to alter or review the amount certified by DOD. Absent a showing that a person's constitutional rights have been violated by the certification issued by DOD, neither OPM, the Board, nor this court has any statutory authority to fault DOD's certification. Consequently, the Board's decision in this case must be affirmed.
 
 
 
 [1]
 At the time of his retirement application, Mr. Rosenberg was 46 years old