57 F.3d 1085
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Fidel P. TAYAG, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3280.
 United States Court of Appeals, Federal Circuit.
 June 13, 1995.
Rehearing Denied July 24, 1995.
 
 Before RICH, LOURIE and BRYSON, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Fidel P. Tayag petitions for review of a decision of the Merit Systems Protection Board (MSPB) in No. SE-0831-94-0555-I-1. That decision, which became final on January 30, 1995, upheld the decision of the Office of Personnel Management (OPM) denying Tayag's request for an annuity pursuant to the Civil Service Retirement Act (CSRA). We affirm.
 
 DISCUSSION
 
 2
 Tayag was employed by the federal government at Clark Air Force Base in the Philippines for a total of approximately 15 years. His federal employment fell into two service periods. His first service period began on February 12, 1945, when he was appointed to a clerical position with the United States Air Force. On April 22, 1950, Tayag's appointment to that position was terminated. No Civil Service Retirement System (CSRS) deductions were taken from Tayag's pay during that service period.
 
 
 3
 Tayag's second service period commenced the next day, April 23, 1950, when Tayag received a second appointment at the same location. His second service period lasted until January 7, 1960, when he was separated from federal employment by a reduction in force. Tayag's personnel paperwork, along with documentation of CSRS deductions taken from his pay, show that his second service period was covered by the CSRA. Shortly after the reduction in force, Tayag applied for and received a refund of his retirement contributions for the second service period.
 
 
 4
 In 1993, Tayag applied for CSRS retirement benefits. OPM denied his application on the ground that the withdrawal of all of his retirement contributions in 1960 extinguished his right to retirement benefits for both his first and his second service periods. The MSPB affirmed OPM's decision on several grounds, including that Tayag had failed to show that his first period of service was covered by the CSRA.
 
 
 5
 On appeal, Tayag concedes that he is not entitled to an annuity based on his second period of service, since he withdrew all of his retirement deductions attributable to that period. He argues, however, that he is entitled to an annuity based on his first period of service, between 1945 and 1950.
 
 
 6
 Tayag bears the burden of demonstrating by preponderant evidence that he is entitled to the retirement benefit he seeks. True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed.Cir.1991). The MSPB concluded that Tayag did not satisfy that burden, because he failed to show that his first service period was covered by the CSRA. That determination is supported by substantial evidence. In particular, the MSPB relied on (1) an SF-50 form, which the Administrative Judge characterized as indicating that Tayag's service was not covered as late as August 20, 1948, and (2) the fact that no CSRS deductions were taken from his pay during his first service period. Because he has failed to establish that his federal service between 1945 and 1950 was covered by the CSRA or any predecessor statute, he is not entitled to an annuity based on his service during that period.