**Nelia T. CORDERO, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3284.

United States Court of Appeals, Federal Circuit.

Feb. 12, 2003.

Before NEWMAN, MICHEL, and PROST, Circuit Judges.

PER CURIAM.

Nelia T. Cordero seeks review of a final decision by the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM") decision to deny Cordero's application for a lump-sum benefit under the Civil Service Retirement Act ("CSRA") following the death of her grandfather, a retired federal employee. Because we find that the Board correctly construed and applied the civil service retirement statute and regulation, we *affirm*.

## Background

On March 31, 1970, Joaquin Tumambing, the decedent, signed an Application for Retirement under CSRA indicating that he was not married. His application was approved and he began receiving a CSRA annuity without deductions to help fund a survivor benefit. On May 5, 1970, Mr. Tumambing designated, on a written Standard Form 2808, Suzet Tumambing, Quima Tumambing, and Digna Tumambing as beneficiaries to receive any lump-sum benefit payable under the Civil Service Retirement Act after his death. This designation form was signed in the presence of two witnesses and filed with the agency that later became the OPM.

On October 14, 1997, in Manila, Philippines, Mr. Tumambing signed a Last Will and Testament, "giving, devising and bequeathing" all of his property to his granddaughter Nelia Cordero and appointing her sole executrix of his will. In 1998, Mr. Tumambing was declared incompetent, and Ms. Cordero was appointed as his guardian by a Regional Trial Court of the Republic of the Philippines. Mr. Tumambing died in October 1999.

After Mr. Tumambing's death, Ms. Cordero applied to the OPM for death benefits pursuant to the CSRA, and based upon her status as his granddaughter, as executrix of his will, and as sole heir under the will. However, by reason of the Designation of Beneficiary Mr. Tumambing filed with the OPM in 1970, the OPM found that Suzet, Quima, and Digna Tumambing were entitled to the death benefits, and that Ms. Cordero was not eligible for such benefits. Ms. Cordero requested reconsideration. The OPM again reached the same conclusion.

Ms. Cordero appealed the OPM's decision to the Board. On December 11, 2001, the administrative judge ("AJ") affirmed the OPM's decision. The AJ determined that in the absence of a survivor who is entitled to monthly survivor annuity benefits upon the death of an annuitant, the total lump-sum benefit is payable to the persons entitled in the order of precedence described in 5 U.S.C. § 8342(c). The AJ also determined that a designation of beneficiary, for purposes of receipt of a lump-sum payment, must be in writing, signed, and witnessed, and received in the OPM before the death of the designator. 5 C.F.R. § 831.2005(a). Any change or cancellation of beneficiary in a last will or testament, or in any other document not witnessed and filed as required by 5 C.F.R. § 831.2005(a), has no force or effect. 5 C.F.R. § 831.2005(b).

Ms. Cordero filed a petition for review with the full Board. The Board denied the petition, thus making its initial decision final. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## Discussion

We play a limited role in reviewing Board decisions. *See, e.g., Deweese v. Tennessee Valley Auth.,* 35 F.3d 538, 541 (Fed.Cir.1994). In general, we may reverse a decision by the Board if the decision was: (1) arbitrary, capricious, an abuse of discretion, or not in accordance with law; (2) obtained without the procedures required by law; or (3) not supported by substantial evidence. 5 U.S.C. § 7703(c). Moreover, Petitioner bears the burden to prove that a Board decision was erroneous. *True v. Office of Personnel Mgmt.,* 926 F.2d 1151, 1153 (Fed.Cir.1991).

The civil service retirement statutes are detailed regarding eligibility for benefits, including the order of precedence regarding entitlement to lump-sum benefits. 5 U.S.C. § 8331, *et seq.* The relevant statute provides:

**496**

(c) Lump-sum benefits authorized by subsections (d)-(f) of this section shall be paid to the person or persons surviving the employee or Member ... in the following order of precedence, and the payment bars recovery by any other person:

First, to the beneficiary or beneficiaries designated by the employee or Member in a signed and witnessed writing received in the Office before his death. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

Second, if there is no designated beneficiary, to the widow or widower of the employee of Member.

Third, if none of the above, to the child or children of the employee or Member and descendants of deceased children by representation.

. . .

Fifth, if none of the above, to the duly appointed executor or administrator of the estate of the employee or Member. 5 U.S.C. § 8342(c). Further, the controlling OPM regulation in pertinent part repeats:

(a) The Designation of Beneficiary must be in writing, signed, and witnessed, and received in OPM before the death of the designator.

(b) No change or cancellation of beneficiary in a last will or testament, or in any other document not witnessed and filed as required by this section, has any force or effect.

5 C.F.R. § 831.2005.

Ms. Cordero correctly identifies 5 U.S.C. § 8342(c) as the statute applied by the Board. However, she asserts that the Board erred in applying the statute to her application. Ms. Cordero argues that the statute only applies to standard forms of beneficiary designation, therefore a designation effected in a will does not need to be filed with the OPM. Additionally, Ms. Cordero argues that the Board failed to consider the law of the Philippines, which provides that the forms of wills shall be governed by the laws of the country in which they are executed and which does not require filing of the will with the OPM before the death of the testator. For the following reasons, we reject Ms. Cordero's arguments, and thus affirm the Board's decision.

█ First, Ms. Cordero cannot meet her burden of establishing that 5 U.S.C. § 8342(c) only applies to a beneficiary designation, change or cancellation effected in a standard form. The statute states that benefits are first paid to beneficiaries designated "in a signed and witnessed *writing* received in the Office before his death." 5 U.S.C. § 8342(c) (emphasis added). Ms. Cordero has not provided any evidence to show that the word "writing" is used only for standard designation forms. To the contrary, the statute provides that "a designation, change, or cancellation of beneficiary in a will or other document *not so executed and filed* has *no force or effect*." *Id.* (emphases added). Thus, a will, which is not a standard form, needs to be filed with the Office (OPM) to have effect. This conclusion is further confirmed by 5 C.F.R. § 831.2005, which reiterates that "change or cancellation of beneficiary in a last will or testament, or in any other document not witnessed and filed as required" has no force or effect. We thus hold that the statute applies to all documents designating, changing, or canceling a designation of beneficiary, including a will not effected in a standard form. Mr. Tumambing's will designating Ms. Cordero as his sole heir was not filed with the OPM. Therefore the Board properly denied Ms. Cordero's application for benefits,

because the benefits have to be first paid to the beneficiaries designated by the deceased on the document filed with the OPM (i.e., Suzet Tumambing, Quima Tumambing, and Digna Tumambing).

 Second, the law of the Philippines does not apply to applications for benefits under the CSRA. Ms. Cordero has not provided any evidence to show that Congress intended to defer to the laws of other countries in enacting 5 U.S.C. § 8342(c). To the contrary, the language of the statute is clear on its face, and any reading to contradict the statute is unreasonable. Moreover, Congress vested the authority to administer CSRA in the OPM, which specifically requires that a last will or testament not filed with the OPM has no effect. 5 C.F.R. § 831.2005.