NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VELMA RUTH THOMAS,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2014-3143

---

Petition for review of the Merit Systems Protection Board in No. AT-0841-13-0546-I-1.

---

Decided: January 13, 2015

---

VELMA RUTH THOMAS, of Stockbridge, Georgia, pro se.

JOSHUA A. MANDLEBAUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and KIRK T. MANHARDT, Assistant Director. Of counsel was JESSICA S. JOHNSON, Attorney-Advisor, Office of General Counsel, United States Office of Personnel Management, of Washington, DC.

———————

Before O'MALLEY, BRYSON, and HUGHES, *Circuit Judges.*

PER CURIAM.

Velma Ruth Thomas appeals from the decision of the Merit Systems Protection Board ("Board") affirming the decision of the Office of Personnel Management ("OPM") that Thomas was entitled only to a supplemental annuity under 5 U.S.C. § 8468(b)(1)(A) (2012). Because we agree that Thomas should receive a supplemental annuity and not a redetermination of annuity rights upon her retirement, we *affirm*.

## BACKGROUND

Thomas began working for the United States Postal Service ("USPS") on April 20, 1985. Thomas continued to work for the USPS until May 15, 1998, when she left the USPS and applied for disability retirement under the Federal Employees Retirement System ("FERS"). Thomas was 59 years old at the time she left the USPS.

Thomas received FERS disability annuity payments covering May 16, 1998 through December 18, 1999. In the letter notifying Thomas of the approval of her benefits, OPM informed Thomas that:

> If your medical condition improves to the point you, and your physician, feel your disabling condition is resolved, you may ask us to review current medical evidence to determine if you have recovered. If you are found recovered from your disabling medical condition on your request, annuity payments will cease the month following the one in which the determination is effective.

Thomas then elected to receive disability benefits under the Office of Workers' Compensation Program ("OWCP") in lieu of the FERS disability retirement annui-

ty benefits, beginning on December 19, 1999. OPM suspended Thomas's FERS annuity during the time she received OWCP benefits. Even though Thomas received OWCP benefits, OPM still considered Thomas to be a disability retirement annuitant. Thus, in 2000, when Thomas turned 62 years old, OPM recomputed Thomas's potential retirement benefits to an amount that represented an annuity she would have received if she had continued working until the day before her 62nd birthday, as required by 5 U.S.C. § 8452(b).

On November 12, 2005, Thomas, at age 67, returned to work at the USPS. Thomas did not inform OPM that she had returned to work and did not request that OPM find she had recovered from her disability.

Thomas continued to work with the USPS until she voluntarily retired on October 31, 2009, at age 71. At the time of her retirement, Thomas applied for credit for the time period during which she received OWCP benefits, and sought a redetermination of her annuity. OPM concluded that, because OPM never found that Thomas was recovered from her disability or restored to earning capacity after reemployment under 5 U.S.C. § 8455(a)(2), and because she was not reemployed for five years, she was not entitled to claim the time that she received OWCP benefits towards her annuity. OPM thus restored her prior annuity and added a supplemental annuity earned during her reemployment period. In response to Thomas's request for reconsideration, OPM again concluded that Thomas was not restored to earning capacity or administratively recovered under § 8455(a)(2), and was only eligible for a supplemental annuity for her reemployment period.

Thomas appealed OPM's reconsideration decision to the Board on May 13, 2013, claiming that she was entitled to an annuity covering the entire period from 1985–2009, and was unaware that she had to inform OPM that

she had returned to work in order to be eligible for redetermination of her annuity. In an initial decision, the Administrative Judge affirmed OPM's determination. The Administrative Judge found that Thomas had been informed in the letter notifying Thomas of her benefits that she had to contact OPM upon her reemployment, and, regardless, any issue regarding notification "does not affect the outcome of this appeal." *Thomas v. Office of Pers. Mgmt.*, No. AT-0841-13-0546-I-1, 2014 MSPB LEXIS 1861, at *5 n.4 (M.S.P.B. March 26, 2014). The Administrative Judge then concluded that Thomas was not eligible to have her annuity terminated by OPM at reemployment pursuant to 5 U.S.C. § 8455 because that provision only applies to persons that recover from their disability or are restored to earning capacity before they are 60 years of age. *Id.* at *5. Section 8455 further does not apply to Thomas because, at the time of her reemployment, Thomas was no longer a disability retirement annuitant once OPM recalculated her annuity in 2000. *Id.* at *6. The Administrative Judge therefore concluded that OPM correctly determined that Thomas was not eligible to have her annuity redetermined upon her retirement in 2009. *Id.* at *7.

The Board's initial decision became final on April 30, 2014. Thomas appealed to this Court on August 8, 2014, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm a Board's decision unless we find the decision to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Thomas has the burden to prove, by a preponderance of the evidence, that she is entitled to the claimed retirement benefits.

*True v. Office of Pers. Mgmt.*, 926 F.2d 1151, 1153 (Fed. Cir. 1991).

Thomas claims that the Board erred by failing to recognize the entirety of her service with the USPS, including the years when she received FERS or OWCP benefits. She also argues that the Board erred by not considering that the USPS found her to be employed for over twenty-four years, not merely the seventeen years recognized by OPM. In response, the government argues that the Board made no factual errors—Thomas's reliance on a twenty-four year employment period requires recognition of 1998 to 2005 as a period of employment, which is a legal, not factual, determination. The government further argues that the Board correctly concluded that Thomas was not eligible for redetermination of her first annuity under either 5 U.S.C. § 8468(b) or 5 U.S.C. § 8455(a).

We agree with the Board's conclusion that Thomas is only entitled to a supplemental annuity for her reemployment period. Under 5 U.S.C. § 8468(b)(1)(A):

> If an annuitant . . . serves on a full-time basis for at least 1 year . . . the annuitant's annuity on termination of reemployment shall be increased by an annuity computed under section 8415 (a) through (i) as may apply based on the period of reemployment and the basis pay, before deduction, averaged during reemployment.

Employees like Thomas, who are reemployed for at least one year, are therefore eligible for a supplemental annuity based on "the period of reemployment." *Id.* Certain reemployed employees, however, may seek an alternative benefit under § 8468(b)(2)(A):

> If an annuitant . . . serves on a full-time basis for at least 5 years, or on a part-time basis for periods equivalent to at least 5 years of full-time service, the annuitant may elect, instead of the benefit

provided by paragraph (1), to have such annui-
tant's rights redetermined under this chapter.

Under this provision, federal employees who have been
reemployed for at least five years may seek a redetermi-
nation of their annuity rights in lieu of receiving a sup-
plemental annuity covering their period of reemployment.
*Id.*; *see also True*, 926 F.2d at 1153–54 (applying similar
provision under the Civil Service Retirement Act).

Federal employees may also seek to terminate their
prior annuity rights through use of 5 U.S.C. § 8455(a).
Under this provision, payment of an annuity terminates
for "an annuitant receiving a disability retirement annui-
ty" if the annuitant either "recovers from the disability
before becoming 60 years of age," *id.* § 8455(a)(1), or
"before becoming 60 years of age, is restored to an earning
capacity fairly comparable to the current rate of pay of the
position occupied at the time of retirement," *id.*
§ 8455(a)(2).

Thomas is not eligible to seek a different annuity
treatment under either of these statutory provisions.
Thomas would not qualify for a redetermination under
§ 8468(b)(2)(A) because she only served at the USPS for
three years and eleven months during her reemployment,
short of the five years required by statute.

Furthermore, Thomas would not qualify to have her
annuity status terminated under § 8455(a) because she
returned to work at the age of 67. Section 8455(a) re-
quires that the employee be recovered or restored to a
fairly comparable earning capacity "before becoming 60
years of age." If we assume that Thomas recovered or was
restored to a fairly comparable earning capacity at the
time she returned to work, she would not meet the statu-
tory age requirement.

Thomas also would not qualify under § 8455(a) be-
cause she was not a "disability retirement" annuitant at

the time of her reemployment. Under 5 U.S.C. § 8452(b)(1), OPM must redetermine annuities of disability retirement annuitants once they reach 62 years of age. Upon that redetermination, the annuitant receives a basic annuity under 5 U.S.C. § 8415 rather than a disability retirement annuity. Once OPM redetermined Thomas's annuity in 2000, she was no longer a disability retirement annuitant, and could no longer qualify for termination of the annuity under § 8455(a).[1]

Accordingly, we hold that the Board correctly determined that Thomas was not eligible for termination or a redetermination of her annuity, and that she was only eligible for a supplemental annuity covering her period of reemployment from 2005 to 2009, in addition to her prior annuity. We therefore affirm the Board's decision upholding OPM's calculation of Thomas's annuity.

**AFFIRMED**

---

[1] The fact that Thomas received OWCP benefits in lieu of FERS annuity payments does not change Thomas's annuitant status. *Hall v. Office of Pers. Mgmt.*, 31 F.3d 1176, at *2 (Fed. Cir. 1994) (unpublished opinion) (citing *Strickler v. Office of Pers. Mgmt.*, 51 M.S.P.R. 354, 358–59 (1991)).