5 F.3d 1503
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Blanche J. CORLEY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3550.
 United States Court of Appeals, Federal Circuit.
 July 13, 1993.
 
 Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Blanche J. Corley petitions for review of the April 9, 1992 decision of the Administrative Judge (AJ), Docket No. DA0831920150-I-1, affirming the decision on reconsideration of the Office of Personnel Management (OPM), which denied her application for a survivor annuity benefit. The AJ's decision became the final decision of the Merit Systems Protection Board when the Board denied review on July 16, 1992. We affirm.
 
 BACKGROUND
 
 2
 Sigman J. Corley applied for retirement from his position as a Warehouse Foreman with the Department of the Army on February 14, 1980. On his application for retirement, Mr. Corley identified the petitioner, Blanche Corley, as his wife of over thirty-six years. As a married applicant for a retirement annuity, Mr. Corley elected an annuity without survivor benefit by initialing the box corresponding to the option "I do not desire my wife (or husband) to receive a survivor annuity benefit after my death." Accompanying that annuity option were instructions informing Mr. Corley that "[i]f you choose this type, your wife (or husband) cannot be paid a survivor annuity after your death" and that "[t]his type [of annuity] provides annuity payments to you only."
 
 
 3
 Subsequent to his retirement, OPM sent Mr. Corley a notice presenting him with an opportunity to confirm his election of an annuity without a survivor annuity benefit. Mr. Corley reaffirmed his election by placing an "X" in the box corresponding to the option "I do not choose a survivor annuity for my spouse and I understand that my monthly annuity will be $715.00." Again, concomitant with that option was the statement cautioning Mr. Corley that "[i]f you choose this, your spouse will not receive an annuity. Annuity will be paid only to you!" Mr. Corley signed the notice on November 24, 1980.
 
 
 4
 Following Mr. Corley's death on April 21, 1991, Blanche Corley filed an application for death benefits as a surviving spouse under the Civil Service Retirement Act of 1978 (CSRA), 5 U.S.C. Secs. 8331-8348 (Supp. IV 1980). On August 14, 1991, OPM disallowed the application in view of Mr. Corley's election that his spouse not receive a survivor annuity benefit. However, upon review of the record, OPM determined that the annuity paid to Mr. Corley during his retirement had been erroneously based on a reduced annuity rate as if there were a survivor annuity benefit. Accordingly, OPM authorized a payment of $7,973.57 to restore the underpayment.
 
 
 5
 OPM's decision to disallow Ms. Corley's application for a survivor annuity benefit was affirmed on reconsideration. On appeal to the Board, the AJ concluded that Ms. Corley failed to prove by preponderant evidence that she was entitled to receive a survivor annuity benefit and affirmed OPM's decision.
 
 DISCUSSION
 
 6
 We review final decisions of the Board pursuant to the standards enumerated in 5 U.S.C. Sec. 7703(c) (1988). Such decisions must be upheld unless they are (1) "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; (2) "obtained without proper procedures required by law, rule, or regulation having been followed"; or (3) "unsupported by substantial evidence." Id.; True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed.Cir.1991).
 
 
 7
 Ms. Corley argues that her deceased husband's acceptance and endorsement of his monthly annuity checks, which had been reduced to provide for a survivor annuity benefit, constituted a written election to receive a reduced annuity with a survivor annuity benefit. We disagree.
 
 
 8
 The statutory provision governing survivor annuity benefits under the CSRA at the time of Mr. Corley's retirement provided in pertinent part that
 
 
 9
 if an employee ... dies after having retired under this subchapter and is survived by a spouse to whom he was married at the time of retirement, ... the spouse ... is entitled to an annuity ... unless the employee ... has notified the [OPM] in writing at the time of retirement that he does not desire any spouse surviving him to receive his annuity....
 
 
 10
 5 U.S.C. Sec. 8341(b)(1) (Supp. IV 1980). In addition, the implementing regulations specifically required that an employee's retirement annuity election be made over his signature on OPM's Standard Form 2801, 5 C.F.R. Sec. 831.601(c) (1980), and that once that election was conclusively made, it could not be revoked or changed by the employee, 5 C.F.R. Sec. 831.601(e) (1980).
 
 
 11
 It is undisputed that on two separate occasions--once on his Form 2801 and again on his OPM confirmation notice--Mr. Corley unequivocally elected a retirement annuity without a survivor annuity benefit. Each document expressly apprised Mr. Corley of the consequences of his election, and each election was made over his signature. The record conclusively indicates that it was his intent not to provide his spouse with a survivor annuity benefit. Accordingly, we conclude that substantial evidence supports the Board's determination that Mr. Corley's acceptance of a reduced annuity during his retirement did not effect a valid election of a reduced annuity entitling his spouse to a survivor annuity benefit.
 
 
 12
 Alternatively, Ms. Corley argues that she is entitled to the survivor annuity benefit based on the principle of estoppel or other equitable grounds. Specifically, Ms. Corley asserts that in view of the government's withholding of a portion of her husband's monthly annuity payments for a period in excess of ten years, they were led to believe that an election to receive a reduced annuity with a survivor annuity benefit had been made. Although OPM acknowledges that it erroneously paid Mr. Corley a reduced annuity, the Corleys' alleged detrimental reliance on that error does not give rise to an estoppel against the government. Entitlement to a survivor annuity benefit may only be obtained through satisfaction of the statutory requirements imposed by Congress. See Koyen v. Office of Personnel Management, 973 F.2d 919, 921-22 (Fed.Cir.1992) (citing Office of Personnel Management v. Richmond, 496 U.S. 414 (1990)).
 
 
 13
 We conclude that the Board did not err in holding that Ms. Corley had failed to establish that she was entitled to a survivor annuity benefit. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987) (holding that the Board properly placed the burden of proving entitlement to benefits on the applicant).