9 F.3d 978
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kenneth B. BARGER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3215.
 United States Court of Appeals, Federal Circuit.
 Sept. 17, 1993.
 
 Before PLAGER and LOURIE, Circuit Judges, and RONEY[1], Senior Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Kenneth B. Barger petitions for review of the final decision of the Merit Systems Protection Board, Docket No. DC0831920507-I-1 (Jan. 12, 1993), affirming the decision of the Office of Personnel Management (OPM) denying Barger's request for reinstatement of his disability retirement annuity for the years 1988, 1989, and 1990. We affirm.
 
 DISCUSSION
 
 2
 Barger qualified for a disability retirement annuity under 5 U.S.C. Sec. 8337 (1988) upon retirement from his position as a city carrier, PS-5, Step 2, with the United States Postal Service, effective August 30, 1974. In a decision dated June 20, 1991, the OPM terminated Barger's disability annuity under section 8337(d) after having determined that his income for 1987 exceeded 80% of the current pay of the position he held before retiring.[2] Barger appealed the OPM's decision to the Board. The Board concluded that Barger had been restored to earning capacity in 1987 and that his disability annuity had been properly terminated. Barger did not petition for judicial review of the Board's decision.
 
 
 3
 Barger subsequently requested that the OPM reinstate his disability retirement annuity based upon his earnings for the years 1988, 1989, and 1990. In a reconsideration decision dated February 28, 1992, the OPM found that Barger's earned income for the years in question exceeded the statutory 80% limitation and denied Barger's request for reinstatement. Barger appealed that decision to the Board, claiming that the OPM incorrectly included a yearly "vacation travel allowance" of $1,800.00 in assessing his income. The Administrative Judge (AJ), however, concluded that the allowance was properly included in the calculation of Barger's earning capacity. Further, the AJ noted that even if the allowance was excluded from the earnings calculation, Barger's income in 1989 and 1990 would still have exceeded the 80% limitation. The AJ thus affirmed the OPM's decision not to reinstate Barger's disability annuity. The AJ's decision became the final decision of the Board when the latter denied review on January 12, 1993. Barger now petitions for review of that decision.
 
 
 4
 We review final decisions of the Board pursuant to section 7703(c) of Title 5 of the United States Code. Such decisions must be upheld unless they are (1) "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;" (2) "obtained without proper procedures required by law, rule, or regulation having been followed;" or (3) "unsupported by substantial evidence." 5 U.S.C. Sec. 7703(c) (1988); True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed.Cir.1991).
 
 
 5
 Barger argues that the annual travel allowance of $1,800 should not have been included as part of his earned wages for the years 1987 and 1988.[3] He maintains that without this allowance, his earning capacity for each of those years would not have exceeded the 80% limitation, thus qualifying him for reinstatement of his disability annuity.
 
 
 6
 Respecting Barger's earning capacity for 1987, the Board previously rendered a final decision affirming the OPM's determination that his income from wages exceeded the 80% limitation. Because Barger did not seek judicial review of that decision within the 30-day statutory period for appeal provided in 5 U.S.C. Sec. 7703(b)(1) (1988), and furthermore, because the merits of the issue whether he was restored to earning capacity in 1987 were not before the Board below, that issue is not subject to our review in this appeal. See Monzo v. Department of Transp., 735 F.2d 1335, 1336 (Fed.Cir.1984) (statutory deadline is mandatory and jurisdictional); Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986) (our review is limited to the Board's decision).
 
 
 7
 With regard to Barger's earning capacity for 1988, the record shows that $22,525.59 was reported as his total income for the 1988 calendar year and that the current rate of pay for a city carrier, PS-5, Step 2, was $26,380. Because his 1988 earned income surpassed the 80% maximum amount of $21,104, substantial evidence supports the Board's finding that he had been restored to earning capacity and that he was not qualified for reinstatement.
 
 
 8
 The record provides no support for Barger's contention that his vacation travel allowance was not income. In fact, the record reveals that the allowance was reported by his employer as income on his W-2 Wage and Tax Statements for 1988. Barger fails to demonstrate that the Board improperly relied upon the W-2 forms in determining his income and does not offer a persuasive explanation as to why the allowance should not be treated as income for purposes of section 8337(d).
 
 
 9
 We conclude that his $1,800 travel allowance constituted "income from wages" under section 8337(d) and was properly included in determining his earning capacity for the year in question. Cf. Lancellotti v. Office of Personnel Management, 704 F.2d 91, 99 (3d Cir.1983) ("vacation pay" constitutes income under section 8337(d)). Accordingly, the Board's decision that Barger failed to establish that he was entitled to reinstatement of his disability retirement annuity was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or contrary to law.
 
 
 
 [1]
 Honorable Paul H. Roney, Senior Circuit Judge, Eleventh Circuit, sitting by designation
 
 
 [2]
 The OPM also assessed an overpayment of $20,672.00 in annuity benefits that Barger continued to receive until February 1991 because such benefits should have been discontinued in July 1988
 
 
 [3]
 Barger does not contest the Board's decision concerning his earning capacity for the years 1989 and 1990