19 F.3d 41
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul W. HENDERSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3547.
 United States Court of Appeals, Federal Circuit.
 Feb. 17, 1994.
 
 Before RICH, PLAGER, and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Paul W. Henderson appeals the final decision of the Merit Systems Protection Board, No. DA-0842-93-0259-I-1 (August 13, 1993), affirming his ineligibility to make a deposit to obtain credit under the Federal Employees Retirement System (FERS) for his service from January 1, 1989 through March 25, 1990. This court affirms.
 
 OPINION
 
 2
 Mr. Henderson served as a temporary employee with the Environmental Protection Agency (EPA) from May 25, 1988 until March 25, 1990 when he became a permanent employee. The EPA withheld no FERS deductions while Mr. Henderson was a temporary employee. On May 1, 1991 Mr. Henderson sought to make a deposit of retirement deductions into the Civil Service Retirement and Disability Fund for his period of temporary employment. The Office of Personnel Management (OPM) advised him that a temporary employee may not make deposits for service on or after January 1, 1989. 5 U.S.C. Secs. 8401(11)-(B)(ii), 8402(c)(1), 8411(b)(3), 8411(f)(2) (1988); 5 C.F.R. Sec. 842.304(a)(2)(i) (1993). On February 23, 1993, in a reconsideration decision, OPM affirmed this decision. The Board affirmed OPM's decision on May 13, 1993. In an August 13, 1993 final order, the Board denied the petition for review.
 
 
 3
 This court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulations having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed.Cir.1991); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 4
 When he began Federal employment, Mr. Henderson understood that he could achieve permanent status at the end of six months. A hiring freeze apparently delayed this permanent appointment. The Board correctly decided, however, that Mr. Henderson could receive no benefits of a position until duly appointed to it. See United States v. Testan, 424 U.S. 392, 402 (1976). Mr. Henderson was not appointed to a permanent position until March 26, 1990.
 
 
 5
 In affirming OPM's decision the Board held that "the applicable statute and regulations clearly limit deposits to service performed prior to 1989." The Board's decision, therefore, both considered and limited Mr. Henderson's creditable service to the period from May 25, 1988 through December 31, 1988.
 
 
 6
 The Board found that OPM had correctly precluded Mr. Henderson from making a deposit to obtain credit under FERS from January 1, 1989 through March 25, 1990. 5 U.S.C. Sec. 8411(f)(2). Creditable service for which such deposits must be made is limited to service before January 1, 1989. 5 U.S.C. Sec. 8411(b)(3); 5 C.F.R. 842.304(a)(2)(i). Mr. Henderson obtained credit for his temporary employment prior to January 1, 1989. Accordingly, the Board's decision was not arbitrary, capricious, or an abuse of discretion and was in accordance with the applicable law.