19 F.3d 41
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Faustino S. SOMERA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3394.
 United States Court of Appeals, Federal Circuit.
 Feb. 23, 1994.
 
 Before RICH, PLAGER, and RADAR, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Faustino S. Somera petitions for review of the November 10, 1992 initial decision of an Administrative Judge (AJ), Docket No. SE-0831-92-0358-I-1, sustaining a decision by the Office of Personnel Management (OPM) that Mr. Somera is not entitled to a deferred annuity under the Civil Service Retirement Act (CSRA) based on his civilian service in various positions with the War Department from October 1, 1945 to December 5, 1955. The AJ's decision became the final decision of the Merit Systems Protection Board (Board) on April 30, 1993 when it denied review of the AJ's initial decision. We affirm.
 
 DISCUSSION
 
 2
 As the applicant, Mr. Somera must "demonstrate by a preponderance of the evidence that he is entitled to the retirement benefit he seeks." True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed.Cir.1991). Mr. Somera has failed to meet this burden. The record is devoid of any evidence indicating that Mr. Somera has ever been employed in a position "covered" by the CSRA, a prerequisite to entitlement to benefits. In addition, the record does not suggest, nor does Mr. Somera assert, that civil service retirement deductions were ever withheld from his salary. Indeed, as noted by the AJ, several documents of record relating to Mr. Somera's employment, namely Notifications of Personnel Action and Payroll Change Slips, clearly indicate that his employment was not subject to the CSRA and that no deductions from his pay were made for retirement purposes.
 
 
 3
 We review Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); see Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Finding no such grounds present here, we must affirm.