31 F.3d 1176
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donald J. HALL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3548.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1994.
Rehearing Denied March 17, 1994.
 
 Before CLEVENGER, Circuit Judge, SKELTON, Senior Circuit Judge, and SCHALL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Donald J. Hall petitions for review of the final decision of the Merit Systems Protection Board (Board) in Docket No. NY-0831-93-0199-I-1, holding that Mr. Hall was not entitled to either a redetermined annuity under 5 U.S.C. Sec. 8344(a) (1988 & Supp.IV 1992) or civil service retirement credit under 5 U.S.C. Sec. 8332(f) (1988). The Board held that he was entitled only to a supplemental annuity under 5 U.S.C. Sec. 8344(a). We affirm.
 
 DISCUSSION
 
 2
 Because of a work-related injury, Mr. Hall was separated from his position as Supervisor of Mails with the United States Postal Service effective June 24, 1980, and was awarded a civil service disability retirement annuity. In 1986, Mr. Hall elected to receive benefits, retroactive to June 24, 1980, from the Office of Workers' Compensation Programs (OWCP), in lieu of disability retirement annuity benefits. The Postal Service gave Mr. Hall a fitness-for-duty examination on January 13, 1987. On August 1, 1987, Mr. Hall was reemployed as a Distribution Clerk with the Postal Service. He remained employed at that position until he retired on April 22, 1991.
 
 
 3
 Following his retirement, Mr. Hall applied to the Office of Personnel Management (OPM) for a redetermined annuity and for civil service retirement credit for the time during which he received OWCP benefits. OPM ruled that he was entitled only to a supplemental annuity based upon his reemployment with the Postal Service. On reconsideration, OPM denied Mr. Hall's request for a redetermined annuity and for retirement credit. In so doing, OPM determined that Mr. Hall was a reemployed annuitant because it had not found him recovered from his disability or restored to earning capacity at the time of his reemployment. See 5 U.S.C. Sec. 8344(a). As such, Mr. Hall was not entitled to a redetermined annuity because his reemployment had lasted less than five years. See id. Mr. Hall also was not entitled to retirement credit for the time during which he received OWCP benefits, because during that time he had not been employed by the government. See 5 U.S.C. Sec. 8332(f). OPM thus affirmed its initial decision.
 
 
 4
 On April 20, 1993, the Administrative Judge (AJ) affirmed OPM's reconsideration decision and held that OPM had correctly denied Mr. Hall's request for a redetermined annuity and for civil service retirement credit. The AJ found that Mr. Hall was a reemployed annuitant, because he had been originally separated by disability retirement and because he had failed to show that OPM later determined that he no longer satisfied the statutory definition of annuitant under 5 U.S.C. Sec. 8331(9) (Supp.IV 1992). Because Mr. Hall was a reemployed annuitant, his rights were governed under 5 U.S.C. Sec. 8344(a). Thus, the AJ concluded, Mr. Hall was not entitled to receive retirement credit under 5 U.S.C. Sec. 8332(f). The April 20, 1993 initial decision of the AJ became the final appealable decision of the Board on August 6, 1993, when the Board denied review of the AJ's decision.
 
 
 5
 We must affirm a decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Moreover, Mr. Hall bears the burden of proving by a preponderance of the evidence his entitlement to retirement benefits. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 6
 Mr. Hall contends on appeal that 5 U.S.C. Sec. 8344(a) does not apply because he was not receiving annuity benefits at the time of his reemployment. This contention lacks merit. The fact that Mr. Hall was receiving OWCP benefits, instead of annuity benefits, at the time of his reemployment does not change the fact that Mr. Hall was an annuitant. The AJ correctly noted that an individual, once awarded an annuity by OPM, remains an "annuitant," even though he later elects to receive OWCP benefits instead of annuity benefits. See Strickler v. Office of Personnel Management, 51 M.S.P.R. 354, 358-59 (1991). Moreover, we agree with the AJ that Mr. Hall was not entitled to retirement credit under 5 U.S.C. Sec. 8332(f). Section 8332(f) applies to an employee or former employee whose pre-retirement service was interrupted and does not apply to civil service annuitants. See True v. Office of Personnel Management, 926 F.2d 1151, 1156 (Fed.Cir.1991).
 
 
 7
 Mr. Hall also contends that he had "recovered" at the time of employment, so as to bring him within the scope of the exception to 5 U.S.C. Sec. 8344(a) for "a disability annuitant whose annuity is terminated because of his recovery or restoration of earning capacity." See 5 U.S.C. Sec. 8344(a)(1). This contention too lacks merit. Mr. Hall relies upon OPM's notice of proposed rulemaking concerning disability retirement, 55 Fed.Reg. 11933, 11941 (Mar. 30, 1990), which states in proposed rule 5 C.F.R. Sec. 831.1208:
 
 
 8
 Reemployment by an agency at any time before age 60 is evidence of recovery if the reemployment is in a permanent position at the same or higher grade or pay as the position from which the disability annuitant retired. ... In this instance, OPM needs no medical documentation to find that annuitant recovered.
 
 
 9
 We find that proposed rule 5 C.F.R. Sec. 831.1208 does not apply. The AJ specifically found that Mr. Hall had not been reemployed to an equivalent position. The AJ also found that Mr. Hall had never requested that OPM find him recovered and that OPM had never made such a determination.