34 F.3d 1079
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Deborah REID, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 94-3264.
 United States Court of Appeals, Federal Circuit.
 Aug. 10, 1994.
 
 Before MICHEL, CLEVENGER, and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Deborah Reid appeals the decision of the Merit Systems Protection Board (MSPB), No. DA-0752-93-0285-B-1 (Feb. 14, 1994), affirming her removal from the service. This court vacates and remands.
 
 DISCUSSION
 
 2
 Ms. Reid worked as a GS-4 Branch Secretary in the B-1B Program Office at Tinker Air Force Base, Oklahoma. During an investigation into theft at the base, the Air Force Office of Special Investigations (OSI) discovered possible drug usage among some of its employees. In the ensuing investigation, Ms. Reid was implicated as someone who used and transferred marijuana.
 
 
 3
 On September 1, 1992, OSI confronted Ms. Reid about her alleged drug activities. During her interrogation, she provided OSI with a written, sworn statement confessing that she used to smoke marijuana, but that she no longer did so. In her statement, she admitted purchasing a 1/4 ounce bag of marijuana from two men, and then bringing this bag with her onto the base. She acknowledged selling the 1/4 ounce bag off base. She further admitted that on a couple of occasions she brought a "joint" on base in her purse, and that she would leave the base during lunch to smoke the "joint."
 
 
 4
 On September 4, 1992, on the basis of Ms. Reid's sworn statement, Ronald Stevens, the Branch Chief, proposed her removal from Air Force employment. On September 27, 1992, Wayne Jones, the Division Chief, sustained the proposal and removed Ms. Reid from the service. On February 14, 1994, the MSPB Administrative Judge upheld the removal action.
 
 
 5
 This court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulations having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed.Cir.1991); Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 6
 On November 5, 1992, after reviewing the factors set out in Douglas v. Veterans Administration., 5 M.S.P.R. 280 (1981), Division Chief Jones sustained Ms. Reid's removal. However, in describing the nature and seriousness of the offense, Mr. Jones erroneously stated that Ms. Reid "bought" rather than brought, marijuana on base. Furthermore, when assessing mitigating circumstances, Mr. Jones reiterated that Ms. Reid had "bought drugs on base." Mr. Jones based his findings solely on Ms. Reid's confession. As noted above, Ms. Reid admitted that she brought drugs onto the base, but never confessed to buying drugs on base.
 
 
 7
 The Administrative Judge's decision relied on Mr. Jones' erroneous reading of Ms. Reid's confession. In affirming the removal action, the Administrative Judge stated that Ms. Reid "purchased a 1/4 oz. bag of marijuana on base." Reid v. Department of Air Force, No. DA-0752-93-0285-B-1, slip op. at 5 (MSPB Feb. 14, 1994). The MSPB decision further stated that Ms. Reid "admitted buying marijuana on base." Id. at 7. These are clearly erroneous interpretations of Ms. Reid's sworn statement. In her statement, Ms. Reid confessed she "brought" marijuana on base, not that she "bought" marijuana on base.
 
 
 8
 This false notion was one of three reasons Mr. Jones listed for refusing to mitigate the removal penalty. Ms. Reid also presented evidence favoring mitigation. On this record, this court cannot discern what weight the Division Chief and the Administrative Judge gave to the faulty readings of Ms. Reid's sworn statement.
 
 
 9
 For the foregoing reasons this court vacates the Administrative Judge's affirmance of the removal action and remands this case for findings consistent with the record and for reconsideration of the Douglas factors.