61 F.3d 920
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rogelio R. CABIGTING, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3484.
 United States Court of Appeals, Federal Circuit.
 July 18, 1995.
 
 Before RICH, LOURIE, and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Rogelio P. Cabigting (Cabigting) petitions for review of the final decision of the Merit Systems Protection Board (board) in Docket No. SE-0831-94-0080-I-1. In an initial decision dated 3 March 1994, the administrative judge (AJ) affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying Cabigting's application for retirement benefits under the Civil Service Retirement Act (CSRA). The 3 March initial decision became the final decision of the board on 15 June 1994 when the board denied Cabigting's petition for review. We affirm.
 
 DISCUSSION
 
 2
 * Background
 
 
 3
 Cabigting was a civilian employee of the federal government at Clark Air Force Base in the Philippines for over twenty-five years--from 24 July 1966 to 1 November 1991, when the base was closed. He worked under a series of excepted appointments that were indefinite in duration. On 24 March 1993, Cabigting applied for retirement benefits under the CSRA.
 
 II
 Standard of Review
 
 4
 Title 5, section 7703, of the United States Code strictly limits and defines our review of board decisions. We must affirm the board's decision unless it is:
 
 
 5
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 6
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 7
 (3) unsupported by substantial evidence.
 
 
 8
 5 U.S.C. Sec. 7703(c) (1994). Further, Cabigting has the burden of proving entitlement to retirement benefits. True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed.Cir.1991) (citing Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987)).
 
 III
 Analysis
 
 9
 Cabigting argues that the OPM and the AJ wrongly applied 5 C.F.R. Sec. 831.201(a)(13)[1] to exclude from CSRA coverage his indefinite appointments in the excepted service. In particular, Cabigting asserts that "indefinite" appointments are not encompassed by the terminology "temporary or intermittent" in the 1956 Act.[2] This identical argument was recently addressed in Rosete v. Office of Personnel Management, 48 F.3d 514, 518-19 (Fed.Cir.1995) ("The MSPB ... correctly deferred to the agency's interpretation of the term 'temporary' as including indefinite appointments, i.e., appointments that are not permanent." Id. at 519), on facts similar to those present in the instant appeal. In fact, by Order dated 26 September 1994, this court granted OPM's motion to stay this case pending our decision in Rosete. After our decision in Rosete, this court, by Order dated 4 April 1995, lifted the stay and ordered OPM to file its brief in response to Cabigting's brief.
 
 
 10
 Based on Rosete, we find no reversible error in the board's holding that Cabigting does not qualify for retirement benefits under the CSRA.
 
 
 
 [1]
 This section of the Code of Federal Regulations excludes employees serving under indefinite appointments from coverage under the CSRA, as follows:
 Employees serving under nonpermanent appointments, designated as indefinite, made after January 23, 1955, the effective date of the repeal of Executive Order 10180.
 
 
 [5]
 C.F.R. Sec. 831.201(a)(13) (1995)
 
 
 [2]
 The 1956 Act provides for the discretionary exclusion from coverage of "temporary or intermittent" employees as follows:
 The Commission may exclude from the operation of this Act any employee or group of employees in the executive branch of the United States Government, or of the District of Columbia government upon recommendation by its Commissioners, whose tenure of office or employment is temporary or intermittent.
 Federal Executive Pay Act of 1956, Pub.L. No. 84-854, sec. 401, Sec. 2(e), 1956 U.S.C.C.A.N. (70 Stat.) 858, 869.