64 F.3d 677
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Leticia D. BIAG, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3259.
 United States Court of Appeals, Federal Circuit.
 Aug. 16, 1995.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Leticia D. Biag (Biag) seeks review of the October 31, 1994 Initial Decision of the Merit Systems Protection Board's (Board's) Administrative Judge (AJ), Docket No. SE-0831-94-0488-I-1, affirming the reconsideration decision of the Office of Personnel Management (OPM) which denied Biag's request for a retirement annuity under the Civil Service Retirement Act (CSRA). The AJ's decision became the final decision of the Board on January 26, 1995 when the Board denied Biag's petition for review. We affirm.
 
 DISCUSSION
 I. Background
 
 2
 Biag was a civilian employee of the federal government at Clark Air Force Base in the Philippines for approximately thirty-two years. All of Biag's employment with the federal government was paid with nonappropriated funds. On April 2, 1993, Biag applied for retirement benefits under the CSRA.
 
 II. Standard of Review
 
 3
 Title 5, section 7703, of the United States Code strictly limits and defines our review of Board decisions. We must affirm the Board's decision unless it is:
 
 
 4
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 5
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 6
 (3) unsupported by substantial evidence.
 
 
 7
 5 U.S.C. Sec. 7703(c) (1994). Further, Biag has the burden of proving entitlement to retirement benefits. True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed. Cir. 1991) (citing Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed. Cir. 1986), cert. denied, 479 U.S. 1037 (1987)).
 
 III. Analysis
 
 8
 Federal employees paid from nonappropriated funds are deemed not to be "employees" for the purpose of laws administered by OPM. 5 U.S.C. Sec. 2105(c) (1988). As the CSRA is administered by OPM, individuals paid from nonappropriated funds are not deemed employees for the purpose of coverage under the CSRA. 5 U.S.C. Sec. 8347(a) (1988). The Board correctly determined that because Biag was paid exclusively from nonappropriated funds, she is not eligible for a retirement annuity under the CSRA.
 
 
 9
 The Board did not reach the question of whether Biag's indefinite appointments also precluded her from coverage under the CSRA. Biag urges this point on appeal.
 
 
 10
 Biag argues that this court, in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed. Cir. 1995), incorrectly construed 5 C.F.R. Sec. 831.201(a)(13)[1] to exclude from CSRA coverage indefinite appointments in the excepted service. In Rosete, we stated that "[T]he MSPB ... correctly deferred to the agency's interpretation of the term 'temporary' as including indefinite appointments, i.e., appointments that are not permanent." Id. at 519. Biag asserts that "indefinite" appointments are not encompassed by the terminology "temporary or intermittent" in the 1956 Act.[2] Biag's argument is foreclosed by the Rosete decision. Nevertheless, as found by the Board and addressed above, payment to Biag through nonappropriated funds precludes any entitlement to a retirement annuity under the CSRA.
 
 
 
 [1]
 This section of the Code of Federal Regulations excludes employees serving under indefinite appointments from coverage under the CSRA, as follows:
 Employees serving under nonpermanent appointments, designated as indefinite, made after January 23, 1955, the effective date of the repeal of Executive Order 10180.
 
 
 [5]
 C.F.R. Sec. 831.201(a)(13) (1995)
 
 
 [2]
 The 1956 Act provides for the discretionary exclusion from coverage of "temporary or intermittent" employees as follows:
 The Commission may exclude from the operation of this Act any employee or group of employees in the executive branch of the United States Government, or of the District of Columbia government upon recommendation by its Commissioners, whose tenure of office or employment is temporary or intermittent.
 Federal Executive Pay Act of 1956, Pub. L. No. 84-854, sec. 401, Sec. 2(e), 1956 U.S.C.C.A.N. (70 Stat.) 858, 869.