99 F.3d 1160
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Margaret A. JOHNSTON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3231.
 United States Court of Appeals, Federal Circuit.
 Oct. 22, 1996.
Decided Oct. 22, 1996.
 
 Before MAYER, LOURIE, and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Margaret A. Johnston petitions for review of the March 25, 1996 final order of the Merit Systems Protection Board ("the board"), sustaining the Office of Personnel Management's ("the agency's") reconsideration decision which held that Johnston must repay a $1,739.83 overpayment of retirement benefits. Johnston v. Office of Personnel Management, 70 M.S.P.R. 109 (1996). Because the board did not err in affirming the agency's interpretation of the relevant statute, we affirm.
 
 DISCUSSION
 
 2
 This appeal involves the calculation of Federal Employee Retirement System (FERS) disability annuity benefits under 5 U.S.C. § 8452 in light of that statute's references to 42 U.S.C. §§ 423 and 424a, which govern the calculation of Social Security Administration (SSA) disability benefits.
 
 
 3
 On June 10, 1994, Johnston was separated from her employment at the United States District Court for the District of Nevada because of a medical disability. During her employment, she had been subject to coverage under both the FERS and SSA statutes. At the time of her separation, she was receiving Federal Employees Compensation Act (FECA) total disability benefits, and she continued to receive those benefits until September 17, 1994. Subsequently, she was retroactively awarded FECA partial disability benefits to cover the period from September 18, 1994 through January 11, 1996. On December 15, 1994, the agency advised Johnston that she had received an overpayment of FERS benefits because it had miscalculated those benefits. Specifically, instead of reducing the FERS benefit by the full, unreduced SSA benefit to which she was entitled under § 423, the agency had reduced the FERS benefit only by the amount of her "reduced" SSA benefits, i.e., the full SSA benefits under § 423 less her FECA disability benefits. The agency found that it had overpaid Johnston $1,738.83 and requested reimbursement.
 
 
 4
 Johnston filed an appeal with the board contending that no overpayment had been made because the agency had properly calculated the FERS benefit the first time--i.e., the relevant statutes required that the FERS benefit be calculated based on her SSA benefits after reduction for FECA compensation. In the board's initial decision, an administrative judge ("AJ") disagreed with both Johnston's and the agency's interpretations of the proper method to calculate FERS disability annuity payments. Instead, the AJ held that a reduced SSA benefit amount should only be used to calculate the FERS benefit in those cases where the sum total of the basic FERS benefit and the unreduced SSA benefit exceed 80% of the employee's "average current salary" as the term is defined in § 424a and 20 C.F.R. § 404.408.0 The AJ modified the overpayment to $1014.70.
 
 
 5
 After granting the agency's petition for review of the initial decision, the full board modified the initial decision so as to sustain the agency's decision in its entirety. In particular, after reviewing the language and legislative history of § 8452, as well as the regulation promulgated by the agency to implement the statute (5 C.F.R. § 844.302), the board found the agency's interpretation of the statute requiring that FERS benefits be offset by the unreduced SSA benefit under § 423 to be "persuasive and reasonable." The overpayment was again set at $1,738.83. Johnston appeals to his court.
 
 
 6
 We may reverse a decision of the board only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Here, the board rested its decision on the agency's interpretation of § 8452. We review that statutory interpretation de novo. Rosete v. Office of Personnel Management, 48 F.3d 514, 517 (Fed.Cir.1995).
 
 
 7
 The computation of FERS disability annuity benefits is governed by 5 U.S.C. § 8452, which provides in relevant part:
 
 
 8
 (a)(2)(A) For any month in which an annuitant is entitled both to an annuity under this subchapter as computed under paragraph [ (a)(1) ] and to a disability insurance benefit under [42 U.S.C. § 423] the annuitant's annuity for such month (as so computed) shall--
 
 
 9
 (i) if such month occurs during a period [beginning on the date on which the FERS annuity commences or is restored, and ending at the end of the twelfth month beginning on or after such date], be reduced by 100 percent of the annuitant's assumed disability insurance benefit for such month; or
 
 
 10
 (ii) if such month occurs other than during a period referred to in paragraph [ (a)(2)(A)(i) ], be reduced by 60 percent of the annuitant's assumed disability insurance benefit for such month;
 
 
 11
 ...
 
 
 12
 * * *
 
 
 13
 (a)(2)(B)(i) For purposes of this paragraph, the assumed disability insurance benefit of the annuitant for any month shall be equal to--
 
 
 14
 (I) the amount of the disability insurance benefit to which the annuitant is entitled under [42 U.S.C. § 423] for the month in which the annuity under this subchapter commences, or is restored, or if no entitlement to such disability insurance benefit exists for such month, the first month thereafter for which the annuitant is entitled both to an annuity under this subchapter and disability insurance benefits under [42 U.S.C. § 423], adjusted by
 
 
 15
 (II) all adjustments made under 5 U.S.C. § 8462(b) [which refers to retirement cost of living increases] after the end of the period referred to in paragraph [ (a)(2)(A)(i) ] ... and before the start of the month involved ...
 
 
 16
 ...
 
 
 17
 * * *
 
 
 18
 (ii) For purposes of applying [42 U.S.C. § 424a] to the assumed disability insurance benefit used to compute the reduction under this paragraph, the amount of the annuity under this subchapter which is considered shall be the amount of the annuity as determined before the application of this paragraph.
 
 
 19
 The reduction of SSA disability benefits is governed by 42 U.S.C. § 424a, which provides in relevant part:
 
 
 20
 (a) If for any month prior to the month in which an individual attains the age of 65--
 
 
 21
 (1) such individual is entitled to benefits under [5 U.S.C. § 423], and
 
 
 22
 (2) such individual is entitled for such month to--
 
 
 23
 (A) periodic benefits on account of his or her total or partial disability (whether or not permanent) under a workmen's compensation law or plan of the United States or a State, or
 
 
 24
 (B) periodic benefits on account of his or her total or partial disability (whether or not permanent) under any other law or plan of the United States ... other than ... (iv) benefits under a law or plan of the United States based on service all or substantially all of which is employment as defined in [42 U.S.C. § 410],
 
 
 25
 the total of his benefits under [5 U.S.C. § 423] for such month ... shall be reduced (but not below zero) by [the formula specified in paragraphs (a)(3)-(8) ].
 
 
 26
 The agency argues, and the board agreed, that the FERS disability annuity is normally calculated based on the unreduced § 423 SSA benefits. The agency acknowledges, however, that it may use a reduced SSA benefit amount "in the rare case in which a FERS disability annuity would be part of a reduction under section 424a of a Social Security disability benefit paid under section 423." The agency argues that we should defer to its interpretation of the statute because it is not unreasonable. Johnston argues that the agency has interpreted § 8452(a)(2)(B)(ii) too narrowly because that section refers to § 424a in general rather than merely to § 424a(a)(2)(B). Thus, although § 424a(a)(2)(B) may not be applicable in her case, she argues that her FERS disability annuity should be calculated using the § 423 SSA benefit as reduced by her FECA award pursuant to § 424a(a)(2)(A). She argues that the board's refusal to apply § 8452(a)(2)(B)(ii) (and, thus, § 424a) contravenes Congress's intent in adopting the FERS statutory framework.
 
 
 27
 We agree with the agency on the ground of deference to its reasonable interpretation of this complex statute. The plain language of the statute provides that, absent cost-of-living adjustments (COLAs) not applicable to Johnston's benefits, FERS benefits "be reduced by 100 percent" of the assumed SSA benefit as defined in § 423. 5 U.S.C. § 8452(a)(2)(A)(i) (1994). In this manner, the agency avoids awarding FERS benefits that are duplicative of an annuitant's SSA benefits. See Statement on Signing H.R. 2672 into Law, 22 Weekly Comp. Pres. Doc. 758 (June 6, 1986) (President's statement noting that FERS was meant to "supplement" SSA).
 
 
 28
 While the statute does reference § 424a, see 5 U.S.C. § 8452(a)(2)(B)(ii) (1994), neither the statute nor the legislative history describes when § 424a must be applied. Thus, Congress has left to the agency the task of determining when to apply § 424a in the calculation of FERS benefits.
 
 
 29
 Accordingly, the agency has promulgated a rule, premised on its interpretation of § 8452, which provides in relevant part:
 
 
 30
 (a) For the purposes of this subpart, the "adjusted[1] social security disability benefit" is the benefit to which an annuitant is entitled under [42 U.S.C. § 423]:
 
 
 31
 ...
 
 
 32
 * * *
 
 
 33
 (2) Including, where appropriate, a reduction under [42 U.S.C. § 424a] based on the amount of the disability annuity under this subpart, without regard to paragraphs (b)(2) and (c)(2) of this section [which pertain to the 100 percent reduction, or after 12 months the 60 percent reduction, for the SSA disability benefit].
 
 
 34
 5 C.F.R. § 844.302 (1996). The agency explains that pursuant to this regulation, it has interpreted § 8452(a)(2)(B)(ii) to require calculation of the FERS disability annuity based on a reduced SSA benefit amount only when the annuitant's entitlement to the FERS disability annuity would cause the SSA, under § 424a(a)(2)(B), to reduce the annuitant's § 423 benefits.
 
 
 35
 The agency further explains that Johnston's situation is not one of the rare cases where the SSA would adjust its § 423 benefits because of the annuitant's entitlement to a FERS disability annuity. Johnston's FERS benefits were based upon employment specifically covered by FERS, and such benefits are an improper basis for reducing her SSA benefits. See 42 U.S.C. § 424a(a)(2)(B)(iv) (1994). Because the SSA would not reduce its benefits based on Johnston's entitlement to a FERS disability annuity, the agency explains that § 8452(a)(2)(B)(ii) does not apply and that the FERS disability annuity should be calculated based on the unreduced § 423 SSA benefit.
 
 
 36
 We conclude that the agency's interpretation of § 8452, as manifested in the regulation designed to implement § 8452 and as argued before this court, is not unreasonable in light of the statute. The agency's interpretation essentially leaves to the SSA the task of adjusting the § 423 SSA benefits pursuant to § 424a. These adjustments by SSA normally do not impact the agency's FERS calculation except in the rare case when the adjustment is itself driven by the FERS disability annuity.
 
 
 37
 We afford deference to an agency's statutory interpretation if that agency is charged both with administering and promulgating rules under the statute in question, and if that agency's interpretation is not unreasonable. As this court has recently held:
 
 
 38
 [W]here Congress has authorized an agency to promulgate substantive rules under a statute it is charged with administering, we must uphold the agency's interpretation of an ambiguity or omission in that statute if the interpretation is a reasonable one. Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-45 (1984).... [H]owever, only statutory interpretations by agencies with rulemaking powers deserve substantial deference. (citations omitted)
 
 
 39
 Merck & Co., Inc. v. Kessler, 80 F.3d 1543, 1549 (Fed.Cir.1996). Thus, because the Office of Personnel Management is charged with administering and promulgating rules under FERS, see 5 U.S.C. § 8461(g), we will accept its interpretation of § 8452, as did the board, if that interpretation is not unreasonable. As indicated above, the agency's interpretation here is not unreasonable.
 
 
 40
 Even if Johnston's interpretation were reasonable or pointed to an ambiguity in the statute, in order to sustain the agency's interpretation "we need not find that [the agency's statutory interpretation] is the only reasonable one, or even that it is the result we would have reached had the question arisen in the first instance in judicial proceedings." True v. Office of Personnel Management, 926 F.2d 1151, 1155 (Fed.Cir.1991) (quoting Kester v. Horner, 778 F.2d 1565, 1569 (Fed.Cir.1985)). Rather, we need only find that "the agency applies a statutory mandate in some reasonable manner ... not in variance with the plain meaning of the statute." Rosete, 48 F.3d at 517. In light of the statutory language, we cannot say that the agency's interpretation is unreasonable or contrary to the plain meaning of the statute.
 
 
 41
 Because the agency's interpretation of the relevant statutory provisions was not unreasonable, the board did not err in sustaining the agency's reconsideration decision.
 
 
 
 [1]
 The regulation uses the term "adjusted" to modify the SSA disability benefits instead of the term "assumed," as used in the statute. These terms have different connotations which are not relevant here. See 53 Fed.Reg. 33,433, 33,434 (Aug. 31, 1988); 55 Fed.Reg. 6596, 6597 (Feb. 26, 1990)