**Louis MARTINEZ, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3313.

United States Court of Appeals, Federal Circuit.

Dec. 12, 2002.

Before BRYSON, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Louis Martinez petitions for review of the December 18, 2001, initial decision of the Merit Systems Protection Board ("Board"), Docket No. NY–0831–01–0355–1–1, 91 M.S.P.R. 667, affirming the Office of Personnel Management's ("OPM") reconsideration decision denying Dr. Martinez's request to increase his civil service retirement annuity under the Civil Service Retirement Act ("CSRA"), 5 U.S.C. §§ 8331–8351. The initial decision became final on May 1, 2002, when the Board denied Dr. Martinez's petition for review. We *affirm*.

This court must affirm decisions of the Board unless they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). Dr. Martinez bears the burden of proving his entitlement to the retirement benefits he seeks by a preponderance of the evidence. *See True v. Office of Pers. Mgmt.*, 926 F.2d 1151, 1153 (Fed.Cir.1991) (citing *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed.Cir.1986)). As such, Dr. Martinez must prove both that he meets the definition of an "employee" set forth in 5 U.S.C. § 2105(a) and that he satisfies certain service minimums under 5 U.S.C. § 8333. *See Dupo v. Office of Pers. Mgmt.*, 69 F.3d 1125, 1128 (Fed.Cir.1995). Section 2105(a) defines an "employee" as one: (1) appointed by a federal officer acting in his or her official capacity; (2) engaged in the performance of a federal function under authority of law or an executive act; and (3) subject to the supervi-

sion of a federal employee while engaged in the duties of his or her position. 5 U.S.C. § 2105(a) (2000). An individual must satisfy all three elements of section 2105(a) to be considered a federal employee, and the requirements for these elements are strictly construed. *Watts v. Office of Pers. Mgmt.*, 814 F.2d 1576, 1579 (Fed.Cir.1987).

Dr. Martinez argues that the OPM should increase his CSRA retirement annuity on the basis of his employment as an elementary school teacher in the U.S. Virgin Islands from January 3, 1967, to October 3, 1999. Before the Board, however, Dr. Martinez failed to make any claim or submit any evidence that he qualified as a federal employee under section 2105(a) during this period. Instead, he argued that the OPM should credit the time he was employed as a teacher for CSRA retirement purposes on the ground the government of the U.S. Virgin Islands allegedly grants service credit to its employees who have former federal service. As the Board correctly concluded, nothing in law, rule, or regulation authorizes the OPM to credit non-federal government service for retirement purposes. Because the Board's decision was therefore not arbitrary or capricious, was supported by substantial evidence, and was issued in accordance with applicable provisions of the law, we affirm.