NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3130

BETTY J. GREEN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent,

and

WILLIAM L. GREEN, JR.,

Intervenor.

Betty J. Green, of Hampton, Georgia, pro se.

Kenneth S. Kessler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Michael F. Hertz, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

William L. Green, Jr., of Ellijay, Georgia, pro se.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3130

BETTY J. GREEN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent,

and

WILLIAM L. GREEN, JR.,

Intervenor.

Petition for review of the Merit Systems Protection Board in AT0831080787-I-1.

_____

DECIDED: July 13, 2009

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Betty J. Green appeals from the decision of the Merit Systems Protection Board ("Board") affirming the decision of the Office of Personnel Management ("OPM") denying her entitlement to a former spouse annuity under the Civil Service Retirement System. <u>Green v. Office of Pers. Mgmt.</u>, No. AT0831080787-I-1 (M.S.P.B. Feb. 4, 2009) ("<u>Final Decision</u>"). We <u>affirm</u>.

BACKGROUND

Ms. Green's former spouse, Intervenor William L. Green, Jr., retired from civilian service in the Federal Aviation Administration on January 3, 1986. At the time of his retirement, Mr. Green was married to Ms. Green, and Mr. Green elected a reduced retirement annuity with a survivor annuity benefit for Ms. Green in the event of Mr. Green's death. Mr. and Ms. Green were divorced on May 12, 2003. The divorce decree, issued by the Superior Court of Henry County, Georgia, stated in relevant part, "The wife shall be awarded the Clayton County Teachers Retirement . . . and the Sun Life Assurance Company annuity . . . . The husband shall be awarded the Federal Aviation Administration retirement annuity . . . ." The divorce decree does not mention any other retirement benefits.

On July 1, 2004, Mr. Green submitted the divorce decree and requested that the Office of Personnel Management ("OPM") eliminate the survivor annuity reduction from his retirement annuity. Effective June 1, 2003, the reduction in Mr. Green's annuity was eliminated.

Sometime later, Ms. Green contacted OPM regarding Mr. Green's retirement annuity, claiming that she was entitled to a survivor annuity. On March 19, 2008, OPM responded to her inquiry, stating "Our office reviewed the divorce decree submitted by Mr. Green and determined that the court did not award you a survivor annuity benefit. Consequently, you will not be entitled to a monthly survivor annuity upon the death of William L. Green." Ms. Green requested reconsideration of the initial decision. On July 29, 2008, OPM made a final decision holding that, based on the divorce decree and

pursuant to 5 U.S.C. § 8341(h)(1) and 5 C.F.R. §§ 838.804, 838.912, Ms. Green was "not entitled to a former spouse survivor annuity based on a court order."

Ms. Green appealed OPM's final decision to the MSPB, and on September 29, 2008, an Administrative Judge ("AJ") held that Ms. Green "did not prove that the May 12, 2003 divorce decree in the instant case is a 'court order acceptable for processing' inasmuch as it does not expressly provide for [Ms. Green] to be awarded a former spouse survivor annuity in the event of Mr. Green's death." Green v. Office of Pers. Mgmt., No. AT0831080787-I-1, slip op. 4–5 (M.S.P.B. Sept. 29, 2008).

Ms. Green appealed the AJ's decision. On February 4, 2009, the full Board denied her petition for review, and the AJ's decision became the final decision of the Board. Ms. Green then timely petitioned for review of the Board's decision in our court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). A claimant for benefits under the Civil Service Retirement System ("CSRS") must prove by a preponderance of the evidence that she is entitled to such benefits. True v. Office of Pers. Mgmt., 926 F.2d 1151, 1153 (Fed. Cir. 1991).

Section 8341(h)(1) of Title 5 of the United States Code addresses survivor annuities and provides:

Subject to paragraphs (2) through (5) of this subsection, a former spouse of a deceased employee, Member, annuitant, or former Member who was separated from the service with title to a deferred annuity under section 8338(b) of this title is entitled to a survivor annuity under this subsection, if and to the extent expressly provided for in an election under section 8339(j)(3) of this title, or in the terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree.

Section 838.804 of title 5, Code of Federal Regulations, provides:

(a) A court order awarding a former spouse survivor annuity is not a court order acceptable for processing <u>unless it expressly awards a former spouse survivor annuity or expressly directs an employee or retiree to elect to provide a former spouse survivor annuity</u> as described in paragraph (b) of this section.

(b) To expressly award a former spouse survivor annuity or expressly direct an employee or retiree to elect to provide a former spouse survivor annuity as required by paragraph (a) of this section the court order must—

    (1) Identify the retirement system using terms that are sufficient to identify the retirement system as explained in § 838.911; and

    (2)(i) Expressly state that the former spouse is entitled to a former spouse survivor annuity using terms that are sufficient to identify the survivor annuity as explained in § 838.912; or

    (ii) Expressly direct the retiree to elect to provide a former spouse survivor annuity using terms that are sufficient to identify the survivor annuity as explained in § 838.912.

(emphasis added).  Section 838.912(a) of title 5, Code of Federal Regulations, provides:

(a) To satisfy the requirements of § 838.804(b)(2), a court order must specify that it is awarding a former spouse survivor annuity. The court order must contain language such as "survivor annuity," "death benefits," "former spouse survivor annuity under 5 U.S.C. 8341(h)(1)," etc.

Ms. Green argues that under state law she was entitled to the CSRS annuity. However, entitlement under state law would not be sufficient.  The applicable regulations require that the divorce decree or property settlement "expressly award" or "expressly direct" the award of a former spouse survivor annuity.  The May 12, 2003 divorce decree does not provide Ms. Green with a former spouse survivor annuity.  There was thus no error in the Board's decision.  Ms. Green urges that the Board erred

in failing to order the production of certain documents, but here the documents were not shown to be relevant, and there was thus no error in declining to order production.

No costs.